THE STATE, EX REL. SPITLER, GDN., *v.* SEIBER, PROBATION OFFICER, DARKE COUNTY, ET AL.

(No. 68-608—Decided December 31, 1968.)

*Mr. Emanuel Nadlin,* for relator.

*Messrs. Speidel, Staley, Hole & Hanes,* and *Mr. John F. Marchal,* prosecuting attorney, for respondents.

*Per Curiam.* Relator is the mother of a three-year-old child who is presently in the custody of respondent, the chief probation officer of the Juvenile Court of Darke County, pursuant to an order of that court, issued on October 11, 1968.

The primary proceedings originated in Darke County where a complaint, filed September 25, 1968, alleged that the child was a neglected and dependent child. Personal service was obtained on relator. Relator was represented by counsel.

A motion to dismiss the complaint was filed in which it was claimed that the child was a resident of Montgomery and not Darke County.

On October 3, 1968, the Juvenile Court, after a hearing on the compaint, the relator not being present by her own choice, found that the child was a resident of Darke County; that the relator was a resident of Darke County; that relator was living in a meretricious relationship; that

she actually did not have the child with her; and that she neglected the child. The relator's attorney was in the courthouse and knew of the proceeding but did not participate therein.

The court found the child to be a neglected and dependent child, made the child a ward of the court, and placed the physical custody of the child in the chief probation officer of Darke County.

Relator claims that the detention of the child is without lawful authority and that the judgment is void for lack of jurisdiction in the Juvenile Court. This jurisdictional question was raised in the Juvenile Court and was decided against relator.

Relator contends that the motion to dismiss does not lie because the petition states a cause of action.

The petition does state a cause of action on its face, and therefore is not subject to dismissal.

However, the transcript of the court's docket and journal entries, attached to respondents' brief, shows that a complaint was filed; that service was obtained; that the jurisdictional question was raised and determined in the Juvenile Court; and that the court found as a matter of fact that both the relator and the child were residents of Darke County. It found further that the child was a neglected and dependent child.

Relator presently has pending before the Juvenile Court a motion for a new trial, and can raise her questions there, and then may pursue an appeal in that case.

The respondents' motion to dismiss is treated as a return to the writ of habeas corpus and the child is remanded to the custody of the chief probation officer of the Juvenile Court of Darke County.

*Remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.