HAMMOND *v.* DALLMAN, WARDEN.

[Cite as *Hammond v. Dallman* (1992), 63 Ohio St.3d 666.]

(No. 91–1686—Submitted November 12, 1991—Decided May 20, 1992.)

*Billy R. Hammond, pro se.*

*Lee I. Fisher,* Attorney General, and *John J. Gideon,* for respondent.

*Per Curiam.* For the following reasons, we grant the writ, but deny relief and remand petitioner to custody.

In *Lippert v. Engle* (1977), 49 Ohio St.2d 281, 3 O.O.3d 434, 361 N.E.2d 239, we held that to withstand a motion to dismiss, a petition in habeas corpus must conform to R.C. 2725.04 [1] and attack the jurisdiction of the sentencing

---

1. R.C. 2725.04 states:

court. We find the petition in this case barely adequate to meet this existing standard and grant the writ pursuant to R.C. 2725.06.[2]

Normally, the granting of the writ would cause us to order respondent to make a return pursuant to R.C. 2725.12 and 2725.14.[3] However, we treat respondent's motion to dismiss as a return of the writ and remand petitioner to custody. See *State, ex rel. Spitler, v. Seiber* (1968), 16 Ohio St.2d 117, 45 O.O.2d 463, 243 N.E.2d 65.

The return, supported by the proper authenticated documents, establishes the jurisdiction of the trial court to have sentenced petitioner, notwithstanding his attack on the indictment in his motion for summary judgment. In *State v. Wozniak* (1961), 172 Ohio St. 517, at 522–523, 18 O.O.2d 58, at 61, 178 N.E.2d 800, at 804, we held that an indictment cannot be collaterally attacked after a judgment of conviction "because the judgment of conviction necessarily binds

---

"Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

"(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

"(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

"(C) The place where the prisoner is so imprisoned or restrained, if known;

"(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."

2. R.C. 2725.06 states:

"When a petition for a writ of habeas corpus is presented, if it appears that the writ ought to issue, a court or judge authorized to grant the writ must grant it forthwith."

3. R.C. 2725.12 states:

"The officer or person to whom a writ of habeas corpus is directed shall convey the person imprisoned or detained, and named in the writ, before the judge granting the writ, or, in case of his absence or disability, before some other judge of the same court, on the day specified in the writ. Said officer or person shall make due return of the writ, together with the day and the cause of the caption and detention of such person, according to its command."

R.C. 2725.14 states:

"When the person to be produced under a writ of habeas corpus is imprisoned or restrained by an officer, the person who makes the return shall state therein, and in other cases the person in whose custody the prisoner is found shall state, in writing, to the court or judge before whom the writ is returnable, plainly and unequivocally:

"(A) Whether or not he has the prisoner in his custody or power or under restraint.

"(B) If the prisoner is in his custody or power or under restraint, he shall set forth, at large, the authority, and the true and whole cause, of such imprisonment and restraint, with a copy of the writ, warrant, or other process upon which the prisoner is detained.

"(C) If such prisoner was in his custody or power or under restraint, and such custody or restraint was transferred to another, he shall state particularly to whom, at what time, for what cause, and by what authority such transfer was made."

a defendant, where the court rendering it had jurisdiction of the person of the defendant and also jurisdiction of the subject matter, *i.e.*, jurisdiction to try the defendant for the crime for which he was convicted. * * * " [4]

Moreover, had petitioner disclosed his claim with particularity, the writ would not have been granted under R.C. 2725.06 because it would *not* have appeared from the petition that the writ ought to issue. Accordingly, we hold, consistent with other recent decisions,[5] that to avoid dismissal under R.C. 2725.06, a petition filed by or on behalf of a petitioner "alleged to be restrained of his liberty [who] is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record * * * " [6] must state with particularity why the court or magistrate lacked jurisdiction to enter the process, judgment, or order. Otherwise, it will appear that the writ ought not to be granted,[7] and the petition will be dismissed pursuant to R.C. 2725.06.

Accordingly, we remand the petitioner to custody.

*Writ allowed;*
*petitioner remanded to custody.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

4. See, also, *State, ex rel. Hadlock, v. McMackin* (1991), 61 Ohio St.3d 433, 575 N.E.2d 184.

5. See *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584, and *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753. In *Mitchell*, we stated that "[u]nsupported *conclusions* that appellant committed an intentional tort are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion. * * * " (Emphasis *sic*.) *Id.* at 193, 532 N.E.2d at 756.

6. See R.C. 2725.05.

7. We note that granting the writ merely means to order a return and hold a hearing. See *In re Gentry* (1982), 7 Ohio App.3d 143, 146, 7 OBR 187, 189–190, 454 N.E.2d 987, 990, at fn. 1.