GASKINS, APPELLANT, *v.* SHIPLEVY, WARDEN, APPELLEE.

[Cite as *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380.]

(No. 96–601—Submitted July 10, 1996—Decided August 21, 1996.)

*Keith A. Gaskins, pro se.*

*Betty D. Montgomery,* Attorney General, and *Lillian B. Earl,* Assistant Attorney General, for appellee.

---

*Per Curiam.* Gaskins essentially asserts that the court of appeals erred in denying his requested habeas corpus relief based on appellee's return without first conducting an evidentiary hearing and permitting discovery under the Rules of Civil Procedure.

Whatever the applicability of a particular Civil Rule, R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action.

*Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 608–609, 653 N.E.2d 659, 661. An evidentiary hearing, discovery, and the physical presence of the petitioner are not always required in habeas corpus proceedings after allowance of the writ. *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 590 N.E.2d 744; *State ex rel. Spitler v. Seiber* (1968), 16 Ohio St.2d 117, 45 O.O.2d 463, 243 N.E.2d 65.

In *Hammond,* we allowed the writ and after treating a motion to dismiss as a return, remanded the petitioner to custody without an evidentiary hearing or an order under R.C. 2725.09 and 2725.10 commanding the petitioner's physical presence before the court. The petitioner's response to the motion to dismiss in *Hammond* indicated that his claim was not cognizable in habeas corpus.

In *Spitler,* we allowed the writ in a child custody case and treated a motion to dismiss as a return. We determined that relief would be denied based on a copy of the juvenile court's transcript of docket and journal entries attached to a brief in support of dismissal. No hearing was held.

As in *Spitler,* the return filed by appellee here included a juvenile court journal entry. The journal entry directly controverted Gaskins's statements in his motion to amend the petition that the bindover was improper. For example, the juvenile court entry states that Gaskins was represented by counsel at the bindover proceeding and that Gaskins knowingly and voluntarily waived his right to a mental and physical examination. The juvenile court entry establishes full compliance with the bindover procedure required by the applicable version of R.C. 2151.26. See, *e.g.,* 140 Ohio Laws, Part I, 585–586; see, also, Juv.R. 3.

A court of record speaks only through its journal entries. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163, 656 N.E.2d 1288, 1293. There is no showing by Gaskins to contradict the presumption of regularity accorded all judicial proceedings. *State v. Hawkins* (1996), 74 Ohio St.3d 530, 531, 660 N.E.2d 454, 455; *Coleman v. McGettrick* (1965), 2 Ohio St.2d 177, 180, 31 O.O.2d 326, 328, 207 N.E.2d 552, 554.

It has been noted that, generally, a court must hold a hearing in a habeas corpus action "whenever, accepting as true all allegations of fact which are nonfrivolous, specific, and *not contradicted by the record,* there are present, after receipt of a return, unresolved issues of fact or issues of mixed fact and law." (Emphasis added and footnote omitted.) I Antieau, The Practice of Extraordinary Remedies (1987) 35, Section 1.25. Similarly, the presumption of regularity, to the extent of not requiring an evidentiary hearing, yields only to those verified assertions of fact by the petitioner which are not rebutted by the record. *Id.* at 40, Section 1.30. Since Gaskins's claims of improper bindover below and his appellate claims of an altered entry are rebutted by the juvenile court journal entry incorporated in appellee's return, the court of appeals did not err in denying his requested habeas corpus relief without first holding a hearing,

waiting for the completion of discovery, or requiring Gaskins's presence before the court.

In addition, habeas corpus, like other extraordinary writ actions, is not available where there is an adequate remedy at law. *Luchene v. Wagner* (1984), 12 Ohio St.3d 37, 39, 12 OBR 32, 33–34, 465 N.E.2d 395, 396; *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 186, 652 N.E.2d 746, 748. To the extent that Gaskins now contends that the bindover entry is improper and that he is entitled to a transcript of the bindover proceeding, he possesses an adequate remedy by motion for leave to appeal his criminal conviction in the court of appeals under App.R. 5 and correction or modification of the trial court record pending appeal pursuant to App.R. 9(E), or a petition in the common pleas court for postconviction relief under R.C. 2953.21 to vacate or set aside his sentence. *State ex rel. Hester v. Crush* (1996), 75 Ohio St.3d 563, 564, 664 N.E.2d 930, 931 (mandamus action to compel trial court to correct entries and produce transcripts in criminal case properly dismissed because relator possessed adequate remedy at law). In addition, Gaskins could have filed a motion in the juvenile court to correct any alleged errors in the bindover entry so that its record speaks the truth. *Fogle,* 74 Ohio St.3d at 163–164, 656 N.E.2d at 1294 ("[C]ourts and administrative tribunals possess inherent authority to correct errors in judgment entries [by issuing *nunc pro tunc* entries] so that the record speaks the truth.").

The court of appeals properly denied the relief requested pursuant to the allowed writ. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.