[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 380.]

GASKINS, APPELLANT, *v.* SHIPLEVY, WARDEN, APPELLEE.

[Cite as *Gaskins v. Shiplevy*, 1996-Ohio-387.]

*Petition for writ of mandamus seeking release from Lima Correction Institution on ground that common pleas court lacked jurisdiction over juvenile petitioner due to improper bindover procedure—Writ denied, when.*

(No. 96-601—Submitted July 10, 1996—Decided August 21, 1996.)

APPEAL from the Court of Appeals for Allen County, No. CA95-03-0015.

———————————

{¶ 1} In March 1995, appellant, Keith A. Gaskins, filed a petition for a writ of habeas corpus in the Court of Appeals for Allen County, alleging that he was unlawfully imprisoned by appellee, Carole Shiplevy, Warden of Lima Correctional Institution. Gaskins claimed that his 1983 Seneca County Court of Common Pleas conviction and sentence for burglary was void based on double jeopardy. On April 12, 1995, Gaskins moved to amend his petition to add a claim that the common pleas court lacked jurisdiction to sentence him due to an improper bindover from the Seneca County Juvenile Court. On April 19, 1995, the court of appeals dismissed the petition without ruling on the motion to amend.

{¶ 2} On appeal, we determined that the court of appeals should have allowed Gaskins's motion to amend and that the amended petition alleged a potentially meritorious cause of action in habeas corpus. *Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 656 N.E.2d 1282. We reversed the judgment of the court of appeals and remanded the cause for the court of appeals "to allow the writ, require appellee to make a return, and determine whether the bindover was improper." *Id.*, 74 Ohio St.3d at 151, 656 N.E.2d at 1284.

{¶ 3} Pursuant to our mandate, the court of appeals granted Gaskins's motion to amend his petition, allowed the writ of habeas corpus on his claim of

improper bindover, and ordered appellee to make a return of the writ. The court of appeals denied Gaskins's motions to personally appear before the court, for the issuance of subpoenas, for appointment of counsel, and to set a hearing date.

{¶ 4} Appellee subsequently filed a return which included an attached October 27, 1983 Seneca County Juvenile Court journal entry. According to this journal entry, Gaskins was present in juvenile court with his attorney on October 26, 1983 on the state's motion for relinquishment of jurisdiction for purposes of criminal prosecution. The juvenile court transferred the case to the common pleas court based on the following findings:

"The Court being fully advised of his circumstances finds that Keith A. Gaskins is over the age of fifteen (15) years (D.O.B. 12/8/67); that there's probable cause to believe that Keith A. Gaskins committed the act alleged; and that such act would be a felony if committed by an adult.

"The Court upon further inquiry of Keith A. Gaskins finds that said child Keith A. Gaskins also wishes to waive his right to further proceedings in this matter and wishes to have this case bound over to the Court of Common Pleas for prosecution.

"The Court, being aware that Keith A. Gaskins is now 15 years of age, and being convinced that Keith A. Gaskins is competent and that he is doing this freely, voluntarily and knowingly, accepts the waiver of Keith A. Gaskins, of his right to notice, investigation, mental and physical examination, and a full hearing.

"Based upon the age of Keith A. Gaskins, as well as the information before the Court, the Court further finds that Keith A. Gaskins is not amenable to care or rehabilitation in any facility designed for the care, supervision and rehabilitation of delinquent children, and the safety of the community requires that Keith A. Gaskins be placed under legal restraint for a period extending beyond the child's majority."

{¶ 5} Appellee's return further established that upon being bound over, Gaskins pled guilty to a charge of burglary, and on November 21, 1983, the

common pleas court sentenced him to an indeterminate term of two-to-fifteen years in prison.

{¶ 6} In February 1996, nine days following the filing of appellee's return, the court of appeals denied the requested relief of immediate release from detention. The court of appeals determined that "the juvenile court fully complied with the bindover procedure set forth in R.C. 2151.26, as effective in the last half of 1983, and the court of common pleas did not lack jurisdiction over petitioner."

{¶ 7} The cause is now before this court upon an appeal as of right.

_____

*Keith A. Gaskins, pro se*.

*Betty D. Montgomery*, Attorney General, and *Lillian B. Earl*, Assistant Attorney General, for appellee.

_____

**Per Curiam.**

{¶ 8} Gaskins essentially asserts that the court of appeals erred in denying his requested habeas corpus relief based on appellee's return without first conducting an evidentiary hearing and permitting discovery under the Rules of Civil Procedure.

{¶ 9} Whatever the applicability of a particular Civil Rule, R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action. *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 608-609, 653 N.E.2d 659, 661. An evidentiary hearing, discovery, and the physical presence of the petitioner are not always required in habeas corpus proceedings after allowance of the writ. *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 590 N.E.2d 744; *State ex rel. Spitler v. Seiber* (1968), 16 Ohio St.2d 117, 45 O.O.2d 463, 243 N.E.2d 65.

{¶ 10} In *Hammond*, we allowed the writ and after treating a motion to dismiss as a return, remanded the petitioner to custody without an evidentiary hearing or an order under R.C. 2725.09 and 2725.10 commanding the petitioner's

physical presence before the court. The petitioner's response to the motion to dismiss in *Hammond* indicated that his claim was not cognizable in habeas corpus.

{¶ 11} In *Spitler*, we allowed the writ in a child custody case and treated a motion to dismiss as a return. We determined that relief would be denied based on a copy of the juvenile court's transcript of docket and journal entries attached to a brief in support of dismissal. No hearing was held.

{¶ 12} As in *Spitler*, the return filed by appellee here included a juvenile court journal entry. The journal entry directly controverted Gaskins's statements in his motion to amend the petition that the bindover was improper. For example, the juvenile court entry states that Gaskins was represented by counsel at the bindover proceeding and that Gaskins knowingly and voluntarily waived his right to a mental and physical examination. The juvenile court entry establishes full compliance with the bindover procedure required by the applicable version of R.C. 2151.26. See, *e.g.*, 140 Ohio Laws, Part I, 585-586; see, also, Juv.R. 3.

{¶ 13} A court of record speaks only through its journal entries. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163, 656 N.E.2d 1288, 1293. There is no showing by Gaskins to contradict the presumption of regularity accorded all judicial proceedings. *State v. Hawkins* (1996), 74 Ohio St.3d 530, 531, 660 N.E.2d 454, 455; *Coleman v. McGettrick* (1965), 2 Ohio St.2d 177, 180, 31 O.O.2d 326, 328, 207 N.E.2d 552, 554.

{¶ 14} It has been noted that, generally, a court must hold a hearing in a habeas corpus action "whenever, accepting as true all allegations of fact which are non-frivolous, specific, and *not contradicted by the record*, there are present, after receipt of a return, unresolved issues of fact or issues of mixed fact and law." (Emphasis added and footnote omitted.) I Antieau, The Practice of Extraordinary Remedies (1987) 35, Section 1.25. Similarly, the presumption of regularity, to the extent of not requiring an evidentiary hearing, yields only to those verified assertions of fact by the petitioner which are not rebutted by the record. *Id.* at 40,

Section 1.30. Since Gaskins's claims of improper bindover below and his appellate claims of an altered entry are rebutted by the juvenile court journal entry incorporated in appellee's return, the court of appeals did not err in denying his requested habeas corpus relief without first holding a hearing, waiting for the completion of discovery, or requiring Gaskins's presence before the court.

{¶ 15} In addition, habeas corpus, like other extraordinary writ actions, is not available where there is an adequate remedy at law. *Luchene v. Wagner* (1984), 12 Ohio St.3d 37, 39, 12 OBR 32, 33-34, 465 N.E.2d 395, 396; *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 186, 652 N.E.2d 746, 748. To the extent that Gaskins now contends that the bindover entry is improper and that he is entitled to a transcript of the bindover proceeding, he possesses an adequate remedy by motion for leave to appeal his criminal conviction in the court of appeals under App.R. 5 and correction or modification of the trial court record pending appeal pursuant to App.R. 9(E), or a petition in the common pleas court for postconviction relief under R.C. 2953.21 to vacate or set aside his sentence. *State ex rel. Hester v. Crush* (1996), 75 Ohio St.3d 563, 564, 664 N.E.2d 930, 931 (mandamus action to compel trial court to correct entries and produce transcripts in criminal case properly dismissed because relator possessed adequate remedy at law). In addition, Gaskins could have filed a motion in the juvenile court to correct any alleged errors in the bindover entry so that its record speaks the truth. *Fogle,* 74 Ohio St.3d at 163-164, 656 N.E.2d at 1294 ("[C]ourts and administrative tribunals possess inherent authority to correct errors in judgment entries [by issuing *nunc pro tunc* entries] so that the record speaks the truth.).

{¶ 16} The court of appeals properly denied the relief requested pursuant to the allowed writ. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.