[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
Defendant-Appellant John E. Lazenby appeals a judgment of the Court of Common Pleas of Union County sentencing him to an eighteen month prison term following a jury verdict of guilty on one count of Carrying a Concealed Weapon. For the following reasons, we vacate the sentence and remand for further proceedings.
On November 17, 1997, Appellant was pulled over for a minor traffic offense. During the ensuing investigation, a law enforcement official discovered that Appellant had a Colt .25 caliber semi-automatic handgun on his person. The weapon was found to be loaded and/or readily operable. Appellant was subsequently indicted on December 7, 1997, for one count of carrying a concealed weapon, a violation of R.C. 2923.12 and a fourth degree felony. On December 17, 1997, Appellant entered a not guilty plea to the charge. A jury trial commenced on May 12, 1998[1], and the jurors returned a guilty verdict on the same date. Appellant was then sentenced on July 1, 1998, wherein the court imposed an eighteen month prison term, the maximum penalty for a fourth degree felony. The instant appeal followed.
 Assignment of Error I The Appellant, as a matter of law, is entitled to an automatic review of his sentence when the trial court imposes the maximum prison sentence in a felony four or felony five case.
Although we acknowledge that Appellant is afforded the right to appeal his sentence pursuant to R.C. 2953.08(A)(1)(a) and (A)(2), this court will disregard Appellant's initial assertion since it fails to assign error to any action taken by the trial court.
 Assignment of Error II The trial court erred, as a matter of law, when it imposed a prison term instead of community control or any other sanction consistent with the crime, when there isn't any clear and convincing evidence in the record or in the court's journal entry to support the court's decision.
In sentencing Appellant for the charge of carrying a concealed weapon, the trial court imposed an eighteen month prison term, the maximum sentence for a fourth degree felony, according to R.C. 2929.14(A)(4). Appellant argues that this sentence is contrary to the sentencing guidelines established in Senate Bill 2, which became effective July 1, 1996. More specifically, Appellant contends that the trial court erred in imposing a prison term because Senate Bill 2 mandates a community control sanction in this case. For the following reasons, we disagree with Appellant's argument.
R.C. 2929.13(B)(1)(a) provides that in sentencing a defendant on a fourth degree felony, the trial court must determine whether any of the following factors apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the previously was convicted of an offense that caused physical to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony * * *.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
R.C. 2929.13(B)(2)(a) further provides that if the court finds at least one of the foregoing factors applicable, then the court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 and the principles of felony sentencing established in R.C. 2929.11[2]. The court must then find that the offender is not amenable to community control sanctions. In the event that the court makes these required findings, the statute states that the court shall impose a prison term upon the defendant.
Furthermore, R.C. 2929.13(B)(2)(b) states the following, in pertinent part:
 [I]f the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.
(Emphasis added.)
Based upon the foregoing statutes, it is clear that trial courts are obligated to impose a prison sentence if certain combinations of factors are applicable. Similarly, if certain other combinations are found to exist, trial courts are obligated to impose a community control sanction or a combination thereof. However, the plain language of these sections "leave[s] an in-between area where neither prison nor community control sanctions are mandated." State v. Banks (Nov. 20, 1997) Cuyahoga App. 72121, unreported, citing Katz and Griffin, Ohio Felony Sentencing Law (1996-1997 Edition) 389, Section 6.13. In these cases, courts are "simply guided by the general principles of sentencing." Id. We are convinced that the case at bar falls into this in-between area.
Here, the trial court found that none of the factors enumerated in R.C. 2929.13(B)(1)(a) through (h) were applicable. Thus, pursuant to R.C. 2929.13(B)(2)(a), the trial court was not mandated to sentence Appellant to prison. However, although the court did not find that any of these factors existed, the court did make a finding that Appellant was not remorseful and that he would not respond favorably to community control sanctions due to his "beliefs and contempt for the system."[3] Hence, according to R.C. 2929.13(B)(2)(b), the court was not required to sentence Appellant to a community control sanction. Nevertheless, just because the trial court was not obligated to impose a particular sentence does not mean that the court was precluded from sentencing Appellant to a term of imprisonment as long as the sentence was in compliance with the general sentencing guidelines. Thus, we decline to accept Appellant's argument that community control was mandated.
Appellant's second assignment of error is overruled.
 Assignment of Error III The trial court's canned journal entry does not meet the criteria set forth by statute to clearly outline the additional findings and conclusions the court relied upon when it sentenced Appellant to prison pursuant to O.R.C. 2929.19.
R.C. 2929.19(B)(2) provides, in relevant part:
 [At the sentencing hearing] [t]he court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) [I]f it imposes a prison term for a felony of the fourth or fifth degree * * *, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
Although the statute provides that a court must state its reasons and make specific findings at the sentencing hearing, we are mindful that a trial court "speaks only through its journal entries." Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380, 382. Therefore, this court finds that making the required statements from the bench is insufficient; these statements must be placed in the journal entry of sentencing.
In this case, the journal entry of sentencing does specify the court's reasons for a prison sentence on a fourth degree felony. As we discussed previously, the trial court stated that Appellant was not remorseful and that his "beliefs and contempt for the system" would make Appellant an unfavorable candidate for community control.
However, the journal entry fails to indicate any findings and specific reasons why the court elected to impose the maximum sentence allowable. R.C. 2929.14(B) provides that if an offender has not served a previous prison term, the court must impose the shortest prison term unless the court finds that such a term would "demean the seriousness of the offender's conduct or will not adequately protect the public from future crime * * *." Furthermore, in order to properly impose the maximum prison term, R.C. 2929.14(C) states, in relevant part, that the court must find that the offender has committed the worst form of the offense or the offender is likely to commit future crimes.
In the case sub judice, the record clearly establishes that Appellant has not served a previous prison term. Thus, in order to sentence Appellant to anything but the shortest prison term, which is six months on a fourth degree felony[4], the court was required to first find that the shortest term would demean the seriousness of the crime or provide inadequate protection from future crimes. The court failed to do so. In addition, although the trial court imposed the maximum term, the journal entry fails to establish that the longest sentence was appropriate due to a high likelihood of recidivism or that Appellant committed the worst form of carrying a concealed weapon. Therefore, since the journal entry fails to comply with R.C. 2929.14 and R.C. 2929.19, Appellant's third assignment of error is sustained.
 Assignment of Error IV The trial court failed to advise Appellant, as required by O.R.C. 2929.19(B)(3) about bad time and post release control.
R.C. 2929.19(B)(3) provides that at the time of sentencing, courts are mandated to advise and notify felony offenders of the possibility of subsequent sanctions. This statute states that the court must explain that bad time may be administratively imposed in the event that the offender commits any criminal offense during his incarceration. The court is also required to advise the defendant that a period of post-release control may be imposed after his release and that a violation of post-release control could result in additional sanctions.
A review of the record in this case reveals that the trial court completely ignored the above mentioned mandates. Indeed, after imposing the eighteen month sentence, the trial court failed to advise Appellant of anything except his right to appeal. Thus, we find that the trial court erred as a matter of law by failing to advise and notify Appellant in accordance with R.C.2929.19(B)(3).
Appellant's fourth assignment of error is sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we vacate the sentence of the trial court and remand the cause for further proceedings consistent with this opinion.
Sentence vacated and cause remanded.
HADLEY, J., concurs.
BRYANT, concurs in judgment only.
[1] It should be noted that this court has not been provided with a transcript of the jury trial proceedings.
[2] The overriding principles of felony sentencing under S.B. 2 are protecting the public and punishing the defendant.
[3] It must be noted that this court is unaware of Appellant's beliefs or his feelings about "the system" since we have not been provided with a full transcript of the proceedings. We are also unaware of Appellant's alleged remorseless behavior prior to the sentencing hearing, which is apparently what the trial court relied upon in making its finding.
[4] R.C. 2929.14(A)(4).