OPINION
The present appeal arises from the decision of the Mahoning County Court of Common Pleas dismissing the claims filed by Susan Bodnar ("appellant") against Frank Lordi, et al. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
At all times relevant herein, appellant was employed by the Mahoning County Child Support Enforcement Agency ("MCCSEA"). During the course of her employment, appellant came under scrutiny by her employer for an alleged act of insubordination. As a result, a disciplinary hearing was conducted on October 22, 1997 to determine whether or not a suspension should be levied against appellant. Subsequent to the hearing, appellant's supervisor issued a memorandum which indicated that a two day suspension without pay had been recommended. Upon receiving the memorandum, appellant advised her supervisor that she wished to appeal the suspension as provided in the Mahoning County Personnel Policy Manual. On December 11, 1997 the Mahoning County Commissioners affirmed the two day suspension.
Due to her lack of success at the administrative level, appellant filed a complaint on January 8, 1998 in the Mahoning County Court of Common Pleas, listing as defendants the following: Frank Lordi, Edward Reese, David Engler (collectively the Mahoning County Commissioners); Bruce Jewett (Director of MCCSEA); and MCCSEA ("appellees"). In Count I of appellant's complaint, appellant claimed she was appealing the administrative suspension pursuant to R.C. 2505.27 and 2526.01.[1] Counts II and III of the complaint alleged actions regarding violations of appellant's first amendment rights, defamation, and a violation of Ohio's Whistleblower statute. Said counts were addressed by the court separately from the matters in Count I which are at issue before this court.
At the trial court's request, Count I of appellant's complaint was scheduled to be heard before a magistrate of the court. Prior to the commencement of the hearing, appellees filed a motion to dismiss Count I on the grounds that the trial court lacked subject matter jurisdiction. The basis for said motion was that pursuant to statute a suspension of three days or less was not appealable to the common pleas court. Appellant responded to said motion by arguing that such an appeal was permitted. The matter proceeded to a hearing before the magistrate on July 30, 1998.
In the magistrate's decision dated August 5, 1998, two grounds were set forth for the dismissal of appellant's action regarding her suspension. First, it was pointed out that appellant failed to comply with R.C. 2506.02 and 2506.03 as related to the filing of a transcript with the trial court from the administrative proceedings. Such a failure was viewed by the magistrate as eliminating his ability to determine whether the suspension was proper. Second, the magistrate agreed with appellees that the common pleas court did not have subject matter jurisdiction as a two day suspension was not appealable pursuant to statute. Therefore, it was determined that appellant's action had to be dismissed. On August 19, 1998 appellant filed what was labeled an "Appeal from the Decision of the Magistrate" in which she challenged the two grounds set forth by the magistrate in support of a dismissal.[2] A review of the trial court record reveals that the trial court adopted the magistrate's decision via its October 9, 1998 judgment entry.[3] A timely notice of appeal was filed by appellant on October 22, 1998.
Appellant raises two assignments of error on appeal. However, since our discussion under appellant's second assignment reveals that the trial court never had subject matter jurisdiction over the case, appellant's first assignment of error is rendered moot. Therefore, such will not be addressed herein. App.R. 12 (A) (1) (c).
 II. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION DENYING SUBJECT MATTER JURISDICTION."
Under appellant's second assignment of error it is argued that the trial court as well as the magistrate erred when they determined that they did not have jurisdiction to hear an appeal. Appellant asserts that if R.C. 124.34 does not preclude an appeal, then such is permitted pursuant to R.C. 2506.01.
Pursuant to R.C. 2506.01 a general right is granted to appeal from decisions of administrative officers and agencies. The pertinent part of this statute reads as follows:
 "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *."
However, this general right to appeal is limited by R.C. 124.34
when dealing with appeals by civil service employees as is the case at bar. R.C. 124.34 states in relevant part as related to the right to appeal as follows:
 "In any case of a fine, reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.
 Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission." (Emphasis added).
While appellant asserts that R.C. 124.34 does not specifically "preclude" an appeal of the two day suspension, such a reading of the statute is in error. Pursuant to maxims of statutory construction, by including certain appellate remedies the legislature has excluded other similar remedies. Specifically, the maxim referred to as expressio unius est exclusio alterius
stands for the proposition that the expression of one thing in a statute is to the exclusion of all others which are not mentioned. Thomas v. Freeman (1997), 79 Ohio St.3d 221, 224. A clear reading of R.C. 124.34 reveals that certain disciplinary matters are appealable to the state personnel board of review or commission. Amongst those matters which are appealable are suspensions involving more than three work days. By specifying that this length of suspension is appealable, the General Assembly inherently precluded an appeal from a suspension of less than three working days. As such, appellant was not afforded the ability to appeal in the case at bar and the trial court thus was without subject matter jurisdiction to hear the case.
Similar situations have been addressed by the Twelfth and Tenth District Courts of Appeals and have resulted in similar resolutions. In Houseman v. Fayette County Dept. of HumanServices (Jan. 30, 1995), Fayette App. No. CA94-08-006, unreported, the Twelfth District was faced with an appeal regarding a suspension consisting of three work days. An analysis of the statutory language present in R.C. 124.34 lead the court to the conclusion that the individual was "prohibited from appealing his suspension to a civil service commission, the State Personnel Board, or a court of common pleas * * *." Id. at 2.
In Leisenheimer v. Department of Mental Retardation andDevelopmental Disabilities (Oct. 8, 1998), Franklin App. No. 98AP-496, unreported, the Tenth District held that "R.C. 124.34
prohibits an appeal to the [State Personnel Board] for imposition of a fine or for a suspension of three working days or less." Id.
at 5. In reaching this decision, the court relied not only upon the statutory language present in R.C. 124.34 but also the reasoning set forth by the Sixth Circuit Court of Appeals inGillard v. Norris (C.A. 6, 1988), 857 F.2d 1095. Gillard stands for the proposition that a suspension of such a short length isde minimis in nature and thus not deserving of exhaustive review.Id.
In light of this reasoning, it cannot be held that the common pleas court was vested with the authority to hear an appeal from a two day suspension which was administratively rendered. The language of R.C. 124.34 as it currently exists prohibits any such appeal. Therefore, absent jurisdiction over the matter, the trial court properly adopted the decision of the magistrate and refused a hearing for the purpose of eliciting additional evidence regarding the appropriateness of the suspension.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 ___________________________________ JOSEPH J. VUKOVICH, JUDGE
[1] It should be noted that the statutory sections which are listed in appellant's complaint are improper. R.C. 2505.27 had been repealed long before appellant asserted any cause of action. Furthermore, R.C. 2526.01 did not exist in the Ohio Revised Code at the time appellant filed her action. This court can only assume as did the trial court that appellant brought her appeal pursuant to R.C. 2506.01. This is but the first in a series of procedural blunders which plagued this matter.
[2] No transcript of proceedings before the magistrate or an affidavit regarding such was filed with appellant's "Appeal."
[3] This court feels compelled to comment on a statement made by appellant's counsel in her brief at pages 3-4. According to appellant's counsel, "[o]n or about October 22, 1998, [appellant] was verbally informed that the trial court affirmed the decision of the magistrate without hearing. [Appellant] immediately filed a Notice of Appeal to the Court of Appeals, * * *." Counsel should be reminded that a court of record speaks only through its journal entries. Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380,382. It would be advisable for counsel to ensure in the future that a trial court has actually issued its judgment entry rather than filing an appeal on a whim.