JOURNAL ENTRY AND OPINION
Plaintiff-appellant Bradley J. Sharkus (Sharkus) appeals from the trial court's granting of defendant-appellee Daimler Chrysler Corporation's (DCC) motion for directed verdict made at the close of plaintiff's evidence at the jury trial of this action which alleged the following causes of action: (1) breach of express and implied warranties of merchantability pursuant to the Magnuson- Moss Warranty Act as set forth in 15 U.S.C. § 2301, et seq.; and (2) refund or replacement of the motor vehicle pursuant to Ohio's Lemon Law, see R.C. 1345.71, et seq. For the reasons adduced below, we dismiss the notice of appeal for lack of a final order.
A review of the record on appeal indicates that the jury trial commenced on January 8, 2001. At the close of the plaintiff's case, the defense moved for a directed verdict on all three causes of action. See Tr. 144-172. Subsequent to oral argument on the motion, the trial court pronounced to counsel for the parties that it was granting a directed verdict on two of the three causes of action raised in the complaint (counts I and II) alleging breach of written and implied warranties pursuant to the Magnuson-Moss Warranty Act. Id. This directed verdict ruling was not reduced to writing and journalized. Subsequent to the presentation of the defendant's case, the jury was charged on the lone remaining cause of action. On January 10, 2001, seven members of the eight member jury returned a defense verdict on the remaining cause of action which it considered (count III — breach of R.C. 1345.72, Ohio's Lemon Law). The trial court's January 22, 2001, status form entry, which was marked as final, states, Verdict Judgment for [defendant] at plaintiff's cost. [Explanation added.]
In this appeal, appellant presents the following lone assignment of error:
 THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR DIRECTED VERDICT ON THE ISSUES OF BREACH OF WRITTEN WARRANTY AND BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY.
Prior to any analysis of the merits of this assignment of error, we note that this court's jurisdiction is absent with regard to the directed verdict ruling. A court speaks through its journal, not through oral pronouncements. See Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380, 382; Schenley v. Kauth (1953), 160 Ohio St. 109, paragraph two of the syllabus. The failure of the trial court to journalize its ruling with regard to the directed verdict ruling is not a final order and, technically, those two causes of action, despite the verdict and judgment on the third cause of action, are still pending. See Ohio Bulk Transfer Co., Inc. v. S.E. Johnson Companies, Inc. (Apr. 26, 2001), Cuyahoga App. No. 78194, unreported, 2001 Ohio App. LEXIS 1880; Byers v. Coppel (Nov. 29, 1999), Ross App. No. 99CA2488, unreported, 1999 Ohio App. LEXIS 5745 at 4-7; D'Amico v. Hawwa (Mar. 9, 1989), Cuyahoga App. Nos. 55053 and 55177, unreported, 1989 Ohio App. LEXIS at 17-21; R.C. 2505.02.
It is ordered that appellees recover of appellant their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DIANE KARPINSKI, A.J., CONCURS; TIMOTHY E. McMONAGLE, J., CONCURS IN JUDGMENT ONLY.