OPINION
Defendant-appellant, Mark Gordon, appeals a decision of the Warren County Common Pleas Court, Domestic Relations Division, finding objections to a magistrate's decision were untimely filed and adopting the magistrate's decision.
Appellant and appellee were divorced in 1995 and appellant was ordered to pay child support for the parties' minor son. On June 15, 2000, appellant filed a motion to decrease his child support obligation due to a reduction in his income. A hearing was held before a magistrate on August 10, 2000 and November 27, 2000. In his brief, appellant states that during a telephone conference with counsel for the parties, the magistrate communicated a decision to raise appellant's child support obligation.
Although no written decision had been journalized, appellant filed objections to the magistrate's decision on January 29, 2001. On February 22, 2001, the magistrate issued a decision imputing income to appellant and raising his child support obligation. On March 26, 2001, the trial court issued an order stating that appellant's objections to the magistrate's decision were overruled because they were untimely filed. The trial court also adopted the magistrate's decision as the final decision of the court.
Appellant now appeals the trial court's decision finding the objections were untimely and adopting the magistrate's decision. Appellant also argues on appeal that the trial court abused its discretion in adopting the magistrate's decision to impute income to him and raise his child support obligation. Appellant's single assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION INCREASING APPELLANT'S CHILD SUPPORT OBLIGATION AND BY ADOPTING THE MAGISTRATE'S DECISION AS THE PERMANENT JUDGMENT OF THE TRIAL COURT.
Appellant first argues that the trial court erred in finding that his objections to the magistrate's decision were untimely filed. Appellant argues that this issue is analogous to the appellate situation in which a notice of appeal is filed before a final appealable order. The Ohio Rules of Appellate Procedure provide a mechanism for treating premature notices of appeal as if they had been filed immediately after the final order. App.R. 4(C) states that "[a] notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." See, also, Keeton v.Telemedia Co. of Southern Ohio (1994), 98 Ohio App.3d 405, 408, fn. 3;State v. Raypole (Nov. 15, 1999), Fayette App. No. CA99-05-012, unreported.
However, no analogous rule is provided when objections to a magistrate's decision are untimely filed. The Ohio Rules of Civil Procedure provide the procedure for filing objections to a magistrate's decision. Civ.R. 53(E)(3)(a) states that "[a] party may file written objections to the magistrate's decision within fourteen days of the filing of a magistrate's decision." No provision of the civil rules provides for treating untimely objections as if they had been filed at the time a magistrate's written opinion is filed.
Because a court speaks only through its journal entries, Gaskins v.Shipley (1996), 76 Ohio St.3d 380, 382, and the civil rules do not provide a mechanism for considering premature objections to a magistrate's decision as timely filed when the decision is journalized, we find that appellant's objections were not timely filed. The trial court did not err in overruling the objections as untimely.
Appellant's next argument addresses the issue of whether the trial court erred by adopting the magistrate's decision to impute income to him in calculating his child support obligation. Appellant is precluded from raising this issue on appeal because he did not timely appeal the magistrate's decision. Civ.R. 53(E)(3)(b) provides that "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." The failure to follow Civ.R. 53 results in waiver of the issue for the purposes of appeal. Moeller v. Moeller
(Nov. 13, 2001), Clermont App. No. CA2001-05-049, unreported; see, also,State ex rel. Booher v. Honda Am. Mfg. Inc. (2000), 88 Ohio St.3d 53. Appellant's assignment of error is overruled. Judgment affirmed.
VALEN and POWELL, JJ., concur.