OPINION
Petitioner-appellant, Glen D. Shoemaker, appeals from a June 13, 2001 judgment entry of the Marion County Common Pleas Court dismissing his habeas corpus application.
On July 7, 1998, appellant was tried by a jury and acquitted of aggravated murder, but found guilty of the lesser included offense of murder. He was sentenced to a term of fifteen years to life. Thereafter, appellant embarked on a series of petitions for post-conviction relief.
On May 31, 2001, appellant filed a complaint for writ of habeas corpus with the Marion County Common Pleas Court. Appellant's petition alleged that the Summit County Common Pleas Court lacked subject matter jurisdiction over appellant in his murder trial and subsequent conviction. The lower court denied the appellant's habeas corpus application sua sponte.
This appeal follows with appellant asserting two assignments of error. The crux of appellant's assignments of error is that the trial court lacked subject matter jurisdiction due to a defective indictment.
To avoid dismissal of a complaint for writ of habeas corpus, the petitioner "must state with particularity why the court or magistrate lacked jurisdiction to enter the process, judgment or order."[1] Appellant's allegations state that the trial court lacked subject matter jurisdiction to convict him of murder, a violation of R.C. 2903.02, when he was indicted on one count of aggravated murder, a violation of R.C. 2903.01.
It is well established that "[a]n accused may be found guilty of a lesser included offense and not guilty of the offense charged."[2] Therefore, the inquiry in the present case is whether murder is a lesser included offense to aggravated murder.State v. Kidder[3]provides:
 An offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot, as statutorily defined, ever be committed without the offense of the lesser degree, as statutorily defined, also being committed, and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
The offenses of aggravated murder and murder satisfy this test.[4] Aggravated murder requires purposefully causing the death of another while committing or attempting to commit one of nine specified felonies.[5] Murder merely requires purposefully causing the death of another.[6] "[T]he offense of murder is clearly a lesser included offense of the crime of aggravated murder."[7] Thus, the trial court that indicted, tried and convicted appellant had subject matter jurisdiction.
Therefore, the Marion County Common Pleas Court correctly dismissed appellant's complaint for writ of habeas corpus. To withstand a motion to dismiss a complaint for failure to state a claim "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."[8] Appellant's complaint does not set forth any facts supporting his allegation that the trial court lacked subject matter jurisdiction. Case law is overwhelming that the trial court had the requisite jurisdiction.
Notwithstanding, a writ of habeas corpus is not the proper remedy for this action. R.C. 2725.05 provides that:
 If it appears that a person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record and that court or magistrate had jurisdiction to issue the process, render the judgment or make the order, the writ of habeas corpus shall not be allowed.
"There is no question in the instant case that the petitioner was convicted by a court of competent jurisdiction, whose jurisdiction had been invoked by a valid indictment charging the petitioner with [a] statutory offense[.] Under such circumstances, even if errors or other irregularities occurred during the trial or in the judgment, the remedy is not by habeas corpus but by appeal."[9]
Judgment Affirmed.
WALTERS, P.J. and BRYANT, J., concur.
[1] Hammond v. Dallman (1992), 63 Ohio St.3d 666, 668.
[2] State v. Kuchmak (1953), 159 Ohio St. 363, paragraph one of the syllabus.
[3] (1987), 32 Ohio St.3d 279, paragraph one of the syllabus.
[4] Turner v. Shiplevy (Nov. 12, 1996), Allen App. No. 1-96-47, unpublished.
[5] R.C. 2903.01
[6] R.C. 2903.02
[7] State v. Muscatello (1977), 57 Ohio App.2d 231, 247.
[8] O'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, paragraph one of the syllabus.
[9] Grove v. Maxwell (1962), 173 Ohio St. 559, 560.