[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On March 16, 2001, defendant-appellant Jennifer Moore pleaded guilty to deception to obtain dangerous drugs in the case numbered B-9902138, forgery in the case numbered B-0004432-F, forgery in the case numbered B-0009054, forgery in the case numbered B-0009092, and two counts of forgery in the case numbered B-0004995B. All of the offenses were felonies of the fifth degree. At the combined sentencing hearing, the trial court, honoring the agreed sentence, imposed a consecutive six-month prison term for each offense with credit for any time already served. The bailiff relayed to the court the information he had received from the sheriff's office regarding credit for each case:
B-9902138 149 days' credit
B-0004432F 126 days' credit
B-0009054 126 days' credit
B-0009092 126 days' credit
B-0004995B 119 days' credit.
The total of all time credited was 646 days. The prosecutor objected to the amount of credit, arguing that he was unsure whether the days already served on each case overlapped. The prosecutor wanted to be sure that Moore only received credit for the actual number of days she had been in the county jail. The trial court, presuming the information regarding credit was correct, determined that there was 646 days of credit. But entries reflecting the number of days credited for each case were never journalized.
On March 21, 2001, the state filed a motion to correct the sentences to reflect 149 days as the appropriate amount of total credit. A hearing on the motion was held on May 3, 2001. On May 10, 2001, the trial court granted the motion, determining that it had erroneously given Moore double and triple credit for days served and that this was not its intention. The transcript on appeal indicates that the court credited 163 days in the case numbered B-9902138, including 149 days served in the Hamilton County Jail and fourteen days served in California before Moore was returned to Ohio. The transcript also reveals that the trial court gave Moore forty-seven days credit in the case numbered B-0004432-F for the time Moore had spent in the county jail following the original sentencing hearing until the credit issue was resolved. Moore did not receive credit for any days in the remaining three cases, numbered B-0009054, B-0009092 and B-0004995-B. The court's May 10, 2001, journal entry in each case included a six-month prison term for each conviction, subject to the credit determined at the motion hearing.
Moore now appeals the "trial court's amending [of] the final judgments decreasing the amount of credit to be received on each count." Moore has not appealed in the case numbered B-9902138, because she received more credit in that case than calculated at the original sentencing hearing.
It is axiomatic that a court speaks only through its journal entries.[1] Here, the trial court never journalized sentencing entries from each case that collectively ordered 646 of credit following the original sentencing hearing. Thus, there were no "final judgments" in the record for the trial court to amend. The only journal entries of record are those resulting from the later motion hearing, and they indicate that Moore received forty-seven days' credit in the case numbered B-0004432-F and no credit for the remaining three cases. As there were no "amendments" of final judgments here and, thus, no decreases in the number of days credited in each case, the trial court's judgments are affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] See Gaskins v. Shipley (1996), 76 Ohio St.3d 380,667 N.E.2d 1194.