[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This accelerated case is before the court on appeal from the trial court's denial of appellants' motion for a stay of proceedings and request for a referral of this cause to arbitration under the auspices of R.C. 2711.02.
Appellants, Desert Village Limited Partnership and Jack Sparagowski, set forth the following assignment of error:
 "The trial court erred prejudicially in denying the motion to stay proceedings and by declining to refer the commercial construc-tion dispute to arbitration."
In June 2001, plaintiff-appellee, MacCurrach Golf Construction, Inc., filed a complaint seeking foreclosure on a mechanic's lien obtained by appellee on property owned by Desert Village. The complaint, as amended on September 5, 2001, states that appellee is a Florida corporation engaged in the business of constructing golf courses, and adds Jack E. Sparagowski as a defendant.
The complaint alleges that in May 2000, Desert Village entered into an oral contract with appellee for the construction of the golf course and that appellants breached this contract. Specifically, the complaint asserts that appellee commenced said construction on May 17, 2000, but, due to nonpayment of monies owed by appellants, appellee stopped construction on August 23, 2000. Appellee prays for foreclosure on the lien, the sale of the property, the marshaling of liens[1], and payment in the amount of $779,404, plus $108,178 in late charges, and $900,000 in lost profits. Appellee also sets forth a claim for unjust enrichment.
Appellants never filed an answer to either of appellee's complaints. Instead, on September 21, 2001, appellants filed a motion for summary judgment contending that their relationship with appellee was governed by a written contract; therefore, appellee could not seek redress on the basis of an oral contract or on the claim of unjust enrichment. Appellants therefore asked the court for a judgment in their favor as a matter of law.
The motion is supported by the affidavit of Jack Sparagowski. A written contract stating that the agreement was made on June 22, 2000 is appended to the affidavit. The contract was signed by appellee's representative, Alan MacCurrach, on July 17, 2000. Jack Sparagowski's signature also appears on the contract as the representative of Desert Village. However, no date is entered next to that signature.
On November 29, 2001, appellee filed a motion for a default judgment predicated upon the fact that appellants failed to file an answer to either its original complaint or the amended complaint. Thereafter, appellants filed a motion for a stay of the proceedings in the trial court and asked the court to refer this matter to arbitration pursuant to R.C.2711.02 and the terms of the purported written contract.
On December 6, 2001, the trial court filed a judgment indicating that a pretrial hearing was held. The court made the following relevant orders:
 "Motion for sj. [summary judgment] denied. Motion for default denied. Motion to stay is denied. * * * Responsive pleadings and response to discovery due 12-28-01. Suggested mediators to be submitted by Mediation to occur by 4-15- 02."
In addition, the common pleas court scheduled this matter for trial on July 23, 2002.
Appellants appeal this order. They contend that, pursuant to the "undisputed" written agreement and its terms, the trial court was required to stay the proceedings below and refer this cause to arbitration. To the contrary, appellee argues that the parties proceeded under an oral contract and that demands for payment were made by appellee pursuant to that contract. Appellee contends that the parties subsequently discussed memorializing the oral contract in written form. According to appellee, the written contract was initialed and signed by its representative on July 17, 2000 and mailed to Desert Village's attorney with instructions to sign and initial the same. According to appellee, appellants were directed to return the contract to appellee and forward a copy to the architect, Brian Huntley. Appellee claims that appellants never complied with the instructions.
While there is no evidence in the record of this cause supporting the arguments offered by appellee on appeal, there is also no transcript of the hearing on the parties' motions included in the record. A trial court only speaks through its judgment entries. Hairston v. Seidner
(2000), 88 Ohio St.3d 57, 58; Gaskins v. Shiplevy (1996),76 Ohio St.3d 380, 382. Therefore, absent a transcript of the pretrial hearing showing otherwise, we must assume that, in denying appellants' motion for a stay and in setting schedules for responsive pleadings, mediation and a trial, the common pleas court correctly determined that the relationship of the parties to this cause was not governed by the alleged written contract. See Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199 (holding that in the absence of a transcript, an appellate court must presume the regularity of the proceedings below and the validity of the lower court's judgment). Accordingly, appellants' sole assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. This cause is remanded to that court for further proceedings consistent with this judgment. The costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.
[1] {¶ a} Other parties who might have an interest in this action were also named as defendants and cross-claims were filed.