JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, Lora Elias, appeals the decision of the Cuyahoga County Common Pleas Court that entered judgment based on a jury's verdict against her on a counterclaim for conversion filed by defendant-appellee, Leonard J. Gammel. Because the order appealed from is not final and appealable, we dismiss this appeal.
 {¶ 2} It is axiomatic that an order must be final before it can be reviewed by an appellate court. Section 3(B)(2), Article IV, Ohio Constitution. Lack of finality renders this court without jurisdiction to review the matter and the appeal must be dismissed. See, generally,Stevens v. Ackman, 91 Ohio St.3d 182, 2001-Ohio-249.
 {¶ 3} Moreover, because this appeal involves not only multiple parties but multiple claims, the requirements of Civ.R. 54(B) must also be met. See Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 596. This rule provides, in relevant part:
 {¶ 4} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all claims * * *, shall not terminate the action as to any of the claims * * *."
 {¶ 5} In this case, appellant filed a three-count complaint against Leonard J. Gammel ("Gammel") and Huntington Banks seeking damages based on allegations relative to the sale of Gammel's dental practice. The first two counts were against Gammel and were based on claims of fraud, unjust enrichment and conversion. The third count was against Huntington Banks wherein appellant alleged that the bank improperly paid checks made payable to her but were endorsed by Gammel. Huntington Banks cross-claimed against Gammel for contribution and/or indemnification. Gammel counterclaimed appellant for conversion and abuse of process. Appellant voluntarily dismissed her claims against Huntington Banks, which effectively resolved the bank's cross-claim against Gammel.
 {¶ 6} Appellant's claims for fraud/unjust enrichment and conversion against Gammel proceeded to trial as did Gammel's counterclaims against appellant for conversion and abuse of process. At the close of appellant's case, the trial court directed a verdict against Gammel on his abuse of process claim, but did not journalize an entry to that effect. The jury thereafter rendered its verdict on the remaining claims and the trial court entered a journal entry consistent with that verdict.
 {¶ 7} It is axiomatic that a court speaks through its journal, not through its oral pronouncements. See Gaskins v. Shiplevy (1996),76 Ohio St.3d 380, 382; Schenley v. Kauth (1953), 160 Ohio St. 109, paragraph one of the syllabus; see, also, Civ.R. 58(A). The failure of the trial court to journalize its ruling with regard to the directed verdict ruling effectively renders the order appealed from non-final because, Gammel's counterclaim for abuse of process technically remains unresolved by the trial court. See Sharkus v. Daimler Chrysler Corp. (Oct. 25, 2001), Cuyahoga App. 79218, 2001 Ohio App. Lexis 4779; Ohio Bulk TransferCo., Inc. v. S.E. Johnson Companies, Inc. (Apr. 26, 2001), Cuyahoga App. No. 78194, 2001 Ohio App. Lexis 1880. Because the order appealed does not satisfy the requirements of Civ.R. 54(B), it is not immediately reviewable by this court.
Appeal dismissed.
This appeal is dismissed.
KENNETH A. ROCCO, A.J., AND ANN DYKE, J., CONCUR