DECISION AND JUDGMENT ENTRY
This is a consolidated appeal from the judgment of the Scioto County Court of Common Pleas. Appellant pled guilty to burglary and failure to appear in separate, but related, cases. The trial court sentenced appellant to a total of six years on the two felony counts.
Appellant presents the following assignments of error for our review:
ASSIGNMENT OF ERROR NO. 1:
 THE JUDGMENT OF THE COURT OF COMMON PLEAS REQUIRING DEFENDANT-APPELLANT TO SERVE TERMS OF YEARS IN PRISON SUBSTANTIALLY EXCEEDING THE SHORTEST TERMS OF IMPRISONMENT AUTHORIZED BY STATUTE FOR THE OFFENSES OF CONVICTION RESULTED IN A SENTENCE THAT IS CONTRARY TO LAW: (A) DEFENDANT-APPELLANT HAD NOT PREVIOUSLY SERVED A PRISON TERM FOR ANOTHER OFFENSE, AND WAS PRESUMPTIVELY ELIGIBLE FOR A MINIMUM SENTENCE PURSUANT TO R.C. 2929.14(B); (B) THE RECORD DOES NOT SUPPORT THE COMMON PLEAS COURT'S FINDING THAT THE SHORTEST PRISON TERM FOR THE BURGLARY OFFENSE OF CONVICTION WOULD DEMEAN THE SERIOUSNESS OF DEFENDANT-APPELLANT'S CONDUCT; AND (C) THE COURT FAILED TO MAKE ANY FINDING THAT THE SHORTEST PRISON TERM FOR THE FAILURE TO APPEAR OFFENSE OF CONVICTION WOULD DEMEAN THE SERIOUSNESS OF HIS CONDUCT OR WOULD NOT ADEQUATELY PROTECT THE PUBLIC FROM FUTURE CRIME BY DEFENDANT-APPELLANT OR OTHERS.
ASSIGNMENT OF ERROR NO. 2:
 THE JUDGMENT OF THE COURT OF COMMON PLEAS REQUIRING THAT DEFENDANT-APPELLANT SERVE THE PRISON TERMS FOR THE TWO OFFENSES OF CONVICTION CONSECUTIVELY RESULTED IN A SENTENCE THAT IS CONTRARY TO LAW: (A) THE COURT OF COMMON PLEAS FAILED TO STATE THE REASONS AS REQUIRED BY R.C. 2929.19(B)(2)(c) FOR ITS FINDING UNDER R.C. 2929.14(E)(3) THAT CONSECUTIVE SERVICE OF SENTENCE IS NECESSARY TO PROTECT THE PUBLIC FROM FUTURE CRIME OR TO PUNISH DEFENDANT-APPELLANT AND THAT THE SERIOUSNESS OF HIS CONDUCT REQUIRES CONSECUTIVE SERVICE; (B) THE RECORD DOES NOT SUPPORT THE COMMON PLEAS COURT'S FINDINGS UNDER R.C. 2929.14(E)(3); AND (C) THE RECORD AFFIRMATIVELY SHOWS THAT DEFENDANT-APPELLANT DID NOT COMMIT THE MULTIPLE OFFENSES OF CONVICTION WHILE HE WAS AWAITING TRIAL OR SENTENCING ON ANOTHER CHARGE WITHIN THE MEANING OF R.C. 2929.14(E)(3)(a).
On October 3, 1996, Defendant-Appellant Mark Blair and Timothy Eller attempted to break into the home of Ronald and Billie Potter in Wheelersburg, Ohio. Eller entered the home and removed a VCR and some jewelry while appellant acted as the getaway driver. Mrs. Potter came home and called the police when she realized Eller was in the house. She also wrote down appellant's license plate number when she observed him drive past the house as he circled the block several times. Appellant drove away and Eller fled the Potters' residence on foot. Eller dropped everything he had taken from the house, and Mr. Potter recovered all of the items in a nearby field.
The police identified appellant by his license plate number and subsequently arrested him. The Scioto County Prosecuting Attorney presented the case to the Scioto County Grand Jury. On October 30, 1996, the grand jury indicted appellant on one count of burglary in violation of R.C. 2911.12(A)(2), a second-degree felony, and one count of theft in violation of R.C.2913.02(A)(1), a fifth-degree felony.
On November 8, 1996, appellant appeared before the Scioto County Court of Common Pleas and entered pleas of not guilty to both of the counts contained in the indictment. On January 3, 1997, appellant again appeared before the court in order to withdraw his not guilty plea. Pursuant to a plea agreement, appellant pled guilty to a reduced charge of burglary, a third-degree felony, and the state dismissed the theft charge. The court delayed sentencing pending the completion of a pre-sentence investigation report, and appellant was released on his own recognizance.
The trial court subsequently set a sentencing hearing date for April 11, 1997. Appellant failed to appear at the sentencing hearing, and the trial court issued a bench warrant for his arrest. Appellant was eventually arrested in Florida on the bench warrant and returned to Ohio.
On November 20, 1997, appellee issued a Bill of Information charging appellant with failure to appear at the April 11, 1997, sentencing hearing in violation of R.C. 2937.29, an unclassified felony. On November 21, 1997, appellant again appeared before the Scioto County Court of Common Pleas and pled guilty to failure to appear. The court sentenced appellant to four years for burglary and two years for failure to appear, with the sentences to run consecutively.
On July 2, 1998, we granted appellant's motion for leave to file a delayed appeal and for leave to appeal his consecutive sentences. In addition, we granted appellant's request to consolidate the appeals. On April 5, 1999, we issued an order requesting that the trial court provide us with a copy of the pre-sentence investigation report, and the trial court complied on April 8, 1999.
 I.
In his First Assignment of Error, appellant argues that the trial court erred in imposing more than the minimum sentence for each offense. Appellant pled guilty to third-degree felony burglary, which carries a possible sentence of one to five years in prison. R.C. 2929.14(A)(3). Appellant also pled guilty to failure to appear, which is an unclassified felony and which also carries a sentence of one to five years in prison. R.C. 2937.99. The trial court sentenced appellant to four years in prison for burglary and two years for failure to appear.
A criminal defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed by the trial court on the grounds listed in R.C. 2953.08(A)(1) through (5). Appellant relies on R.C. 2953.08(A)(4), which provides for an appeal on the grounds that the sentence imposed by the trial court is contrary to law. We must affirm the judgment of the court below unless we find clearly and convincingly that the sentence is contrary to law. R.C.2953.08(G).
Appellant claims that his sentence is contrary to law because the trial court failed to comply with R.C. 2929.14(B). This statute imposes a presumption in favor of the minimum sentence for a defendant who has never served a prison term before. The sentencing court may impose a greater sentence if it finds that the shortest prison term would demean the seriousness of the defendant's conduct, or that it would not adequately protect the public from future crime. R.C. 2929.14(B). Appellant has never served a prison term before, so he was entitled to the presumption in favor of the minimum sentence.
We should note that appellee has not directly challenged appellant's argument, but rather urges us to dismiss the instant appeal without reaching the merits of the First Assignment of Error. Appellee presents two arguments, one procedural and one substantive, in support of this position. Appellee argues that we should dismiss the instant appeal pursuant to App.R. 9 because appellant failed to submit a sufficient record for our review. Appellee also contends that appellant's argument regarding his sentence for failure to appear is meritless because R.C.2929.14(B) does not apply to unclassified felonies. We decline to address appellee's arguments because we find that appellant's sentences are not contrary to law and thus overrule his First Assignment of Error on the merits.
In its sentencing entry on the burglary charge, the trial court found that the shortest prison term would demean the seriousness of appellant's conduct. Appellant contends that the record does not support this finding. Specifically appellant argues that the General Assembly considered the seriousness of various crimes when it established the ranges of felony sentences in R.C.2929.14(A). The fact that third-degree felony burglary carries a minimum one-year sentence already reflects the seriousness of appellant's conduct. Appellant's conclusion is that the trial court could not properly find that the minimum sentence would demean the seriousness of the offense, and therefore impose more than the minimum sentence, unless the record reflects that seriousness factors from R.C. 2929.12(B) apply to appellant's conduct.
Before sentencing a defendant for a third-degree felony, the trial court must balance the seriousness and recidivism factors listed in R.C. 2929.12(B) through (E). R.C. 2929.13(C). The trial court must consider not only the factors specifically enumerated in the statute, but also "any other relevant factors." R.C.2929.12(B). If from our review of the record we determine "that the trial court failed to take into account all relevant factors or mistakenly considered an inappropriate factor, the sentence is contrary to law and subject to modification." Griffin Katz, Ohio Felony Sentencing Law (1999) 534.
The record in the instant case supports the trial court's imposition of a four-year sentence against the appellant for the burglary charge. The trial court stated in its sentencing entry on the burglary charge that it had considered the record, appellant's oral statement, the pre-sentence investigation report, and that it had balanced the seriousness and recidivism factors listed in R.C. 2929.12. Although the court below did not refer to any specific statutory factors, nothing in the sentencing guidelines requires it to do so. Considering appellant's flight from Ohio prior to his original sentencing hearing, we cannot say that the trial court erred in finding that the shortest prison term would demean the seriousness of appellant's conduct. It is clear from our review of the record that the trial court considered the statutory factors and did not consider any inappropriate factors. We find that the trial court's imposition of a four-year sentence against appellant for the burglary charge is in accordance with law.
Regarding appellant's sentence for failure to appear, the trial court did not make any finding in the sentencing entry with respect to this charge. Appellant argues that, without a R.C.2929.14(B) finding, the court could not impose a sentence greater than the minimum sentence for failure to appear. Our review of the record, however, reveals that the court did make the required finding at the sentencing hearing itself. While discussing both of the charges against appellant, the court stated that the shortest prison term would demean the seriousness of appellant's conduct.
Ordinarily, a court speaks only through its journal entries, and not through a judge's oral comments. Gaskins v. Shiplevy
(1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196. In the interests of justice, however, appellate courts will examine the entire record to determine the basis of a lower court's judgment.Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 95,551 N.E.2d 172, 174. Based on these principles we have previously held that, when a trial court must make findings or give its reasons for imposing a certain sentence, the findings or reasons need not be specified in the sentencing entry so long as they are discernible from the record as a whole. State v. Patterson (Sept. 21, 1998), Washington App. No. 97CA28, unreported.
Clearly, the better practice would be for the trial court to make explicit findings and specify its reasoning for those findings in the sentencing entry. See, Patterson, supra. That way, the defendant, the state, and the appellate court can easily understand the basis for the sentence imposed. As we noted in Patterson,
however, nothing in the felony sentencing statutes requires the trial court to make express findings in the sentencing entry. The court below found at the sentencing hearing that the shortest term would demean the seriousness of appellant's conduct, and the record supports this finding. Accordingly, we find that appellant's sentence for failure to appear is not contrary to law.
Appellant's First Assignment of Error is OVERRULED.
 II.
In his Second Assignment of Error, appellant alleges that the trial court should have imposed the sentences concurrently rather than consecutively. In general, a prison sentence imposed by an Ohio court must run concurrently with any other sentence imposed by any other court in this country. R.C. 2929.41(A). In most felony cases, a court may impose consecutive sentences only according to the provisions of R.C. 2929.14(E). Id. A court may impose consecutive sentences under R.C. 2929.14(E), when, interalia:
 [T]he court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing. . .
R.C. 2929.14(E)(4)(a).[1]
In the instant case, the trial court made the findings required by R.C. 2929.14(E)(4)(a) before imposing consecutive sentences against appellant. Appellant challenges the trial court's findings on three grounds. First, appellant claims that the record does not support the trial court's findings because there are no R.C. 2929.12 factors present to increase the seriousness of appellant's conduct. As we noted in the First Assignment of Error, however, R.C. 2929.12 requires the trial court to consider any factor relevant to the seriousness of the offense or the defendant's likelihood of recidivism. Appellant's flight from Ohio prior to his original sentencing hearing on the burglary charge supports the trial court's findings that consecutive sentences are appropriate in this case.
Next, appellant correctly asserts that the trial court must give reasons for its sentence whenever it imposes consecutive sentences. In addition to the findings required by R.C.2929.14(E)(4), R.C. 2929.19(B)(2)(c) requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed * * * [i]f it imposes consecutive sentences under Section2929.14 of the Revised Code." The recent decision of the Supreme Court of Ohio in State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131, supports the conclusion that the reasons supporting the imposition of consecutive sentences required by R.C.2929.19(B)(2)(c) must be distinct from the findings required by R.C. 2929.14(E)(4).
In Edmonson, the Supreme Court of Ohio analyzed the requirements of R.C. 2929.14(B) and (C), as well as R.C.2929.19(B)(2)(d). When a criminal defendant has never served a prison sentence before, there is a presumption in favor of imposing the minimum sentence against that defendant. R.C.2929.14(B). The sentencing court may rebut this presumption and impose a greater sentence if it makes certain required findings.Id. There is also a presumption against imposing a maximum sentence, and the sentencing court must make specific findings before rebutting this presumption as well. R.C. 2929.14(C). In addition, R.C. 2929.19(B)(2)(d) requires the sentencing court to make a finding that gives its reasons for imposing a maximum sentence.
Antoine Edmonson, who had never served a prison term, received a maximum prison term for a single offense. Edmonson appealed his sentence, arguing that the trial court failed 1) to make the findings required by R.C. 2929.14(B) before exceeding the minimum sentence, and 2) to make findings and give reasons as required by R.C. 2929.14(C) and 2929.19(B)(2)(d) before imposing the maximum sentence. The Supreme Court reversed and remanded for resentencing because the trial court had failed to make any of the findings required by R.C. 2929.14(B) and (C).
Addressing the requirements of R.C. 2929.19(B)(2), the Supreme Court rejected Edmonson's argument that the trial court must give reasons to support its findings when it exceeds the minimum sentence. The court reasoned that there is no provision analogous to R.C. 2929.19(B)(2)(d) that requires the trial court to state its reasons when it exceeds the minimum sentence. When the trial court imposes a maximum sentence, however, the court clearly understood R.C. 2929.19(B)(2)(d) as requiring the trial court to provide reasons for that sentence that are distinct from the findings required by R.C. 2929.14(C).
In accordance with Edmonson, we find that the findings required by R.C. 2929.14(E)(4) are separate and distinct from the reasons required by R.C. 2929.19(B)(2)(c). As we noted above, while it is preferable for the trial court to put its reasoning in the judgment entry, this is not absolutely necessary to satisfy R.C.2929.19(B)(2)(c). Patterson, supra. The-court's reasoning, either oral or written, need only appear somewhere in the record. Id.
In the case at bar, the trial court made the findings required by R.C. 2929.14(E) before imposing sentence, but it did not give any reasons to support its findings, as required by R.C.2929.19(B)(2)(c). Our review of the record indicates that there may be factors in this case that would support the trial court's finding that consecutive sentences are appropriate. In the absence of any indication in the record of the trial court's own reasoning, however, we shall not speculate about that court's basis for imposing consecutive sentences. Therefore, we find that the trial court erred in imposing consecutive sentences against the appellant without giving reasons for that sentence, as required by R.C. 2929.19(B)(2)(c).
Appellant also argues that the trial court's findings with respect to the consecutive sentences were incorrect as a matter of law. Although we have already determined that the trial court erred in imposing consecutive sentences, we address this third prong of appellant's argument in order to provide guidance to the trial court on re-sentencing.
The court below found that the appellant committed failure to appear while awaiting sentencing on the burglary charge. Appellant asserts that this finding is insufficient as a matter of law to impose consecutive sentences under R.C. 2929.14(E)(4)(a). Appellant's argument is that subdivision (E)(4)(a) applies only when the defendant commits two or more offenses while awaiting sentencing on another, separate offense. It does not apply in cases such as this, where the defendant has committed multiple offenses but only one offense occurred while the defendant was awaiting sentencing. In response, appellee argues that appellant's reading of R.C. 2929.14(E)(4)(a) is "quirky" and nonsensical.
Prior to the passage of Senate Bill 2, which restructured criminal sentencing procedures in Ohio, R.C. 2929.41 controlled sentencing for multiple offenses. Former R.C. 2929.41(B)(1) generally granted trial courts broad discretion in deciding whether or not to impose consecutive sentences. However, former R.C. 2929.41(B)(3) required the sentencing court to impose a consecutive sentence when the sentence was "imposed for a new felony committed by a probationer, parolee, or escapee."
Multiple sentences are now controlled by R.C 2929.14(E)(4), which limits the circumstances in which the trial court may impose consecutive sentences. Before imposing consecutive sentences, the statute requires the trial court to make several specific findings. First, the court must find that consecutive sentences are necessary "to protect the public from future crime or to punish the offender * * *." R.C. 2929.14(E)(4). Next, the court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." Id. Finally, the court must find that one of the circumstances outlined in R.C. 2929.14(E)(4)(a), (b), or (c) applies to the case. If none of these subdivisions applies, the trial court may not impose consecutive sentences.
In the instant case, the trial court found that R.C. 2929.14(E)(4)(a) applied because appellant committed failure to appear while awaiting sentencing on the earlier burglary charge. However, subdivision (a) of R.C. 2929.14(E)(4) allows for imposition of consecutive sentences when the offender commits "multiple offenses" while awaiting trial or sentencing. The statute does not say that the trial court may impose consecutive sentences when the offender commits any new offense while awaiting trial or sentencing.
Unfortunately, this statute is poorly drafted and not nearly so clear as former R.C. 2929.41(B)(3). There is no question that the trial court should be free to impose consecutive sentences against a criminal defendant who commits a crime while awaiting sentencing on a previous conviction. We are extremely reluctant to interpret R.C. 2929.14(E)(4)(a) to limit the trial court's discretion in such circumstances. Under R.C. 2901.04, however, we have a duty to construe sentencing provisions strictly against the state and liberally in favor of the accused. Consistent with this duty, we are unable to read R.C. 2929.14(E)(4)(a) as applying to a single new offense committed by a criminal defendant who is awaiting sentencing on a prior offense.
We hold that R.C. 2929.14(E)(4)(a) does not apply when a defendant commits a single new felony offense while awaiting trial or sentencing on a previous felony offense. Since appellant committed only one offense while awaiting sentencing on a prior conviction, he cannot be sentenced to consecutive terms pursuant to R.C. 2929.14(E)(4)(a). Therefore, we find clearly and convincingly that the trial court's imposition of consecutive sentences against appellant under R.C. 2929.14(E)(4)(a) is contrary to law.
Although we find that R.C. 2929.14(E)(4)(a) does not support imposition of consecutive sentences in this case, we express no opinion as to the applicability of either R.C. 2929.14(E)(4)(b) or (c) to the case sub judice. Rather, pursuant to R.C.2953.08(G), we vacate that portion of the trial court's order that imposes consecutive sentences upon appellant and remand this case to the trial court for re-sentencing in accordance with the provisions of R.C. 2929.14(E)(4) and 2929.19(B)(2) concerning consecutive sentences.
Appellant's Second Assignment of Error is SUSTAINED.
The judgment of the Scioto County Court of Common Pleas is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this opinion.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
[1] At the time appellant committed his offenses in the instant case, R.C. 2929.14(E)(3) controlled imposition of consecutive sentences. Effective September 16, 1997, however, the General Assembly amended R.C. 2929.14 and re-designated division (E)(3) as division (E)(4). For purposes of clarity, we shall use the designation in the current statute.