DECISION
Plaintiff-appellant, Henry L. Hooten, appeals from the decision of the trial court granting summary judgment to defendant-appellee, Safe Auto Insurance Company. The trial court ruled that a valid driver's license was a prerequisite for coverage under the motor-vehicle insurance policy Hooten maintained with Safe Auto, and that Hooten was driving his 1991 Ford without a valid license at the time he had the accident that gave rise to his claims. On appeal, Hooten challenges the trial court's determination that his license was invalid, arguing that it led improperly to the entry of summary judgment.
A court may grant summary judgment only when the moving party demonstrates that the record is devoid of genuine issues of material fact and that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. See Civ.R. 56(B); see, e.g., Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798, 801; Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 662 N.E.2d 264, 274. Where there are no disputed issues, summary judgment is properly granted to avoid a formal trial; however, the trial court may only grant summary judgment after construing the evidence in favor of the nonmoving party. See Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2,433 N.E.2d 615, 616; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267, 274. An appellate court reviews the record de novo to determine whether summary judgment is appropriate. See id.; Wille v. Hunkar Laboratories, Inc. (1998),132 Ohio App.3d 92, 724 N.E.2d 492.
There are many facts pertaining to this case that are clearly not in dispute. On March 3, 1996, Hooten was convicted of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(3). As part of his sentence, Hooten received a two-year license suspension. Notwithstanding the suspension, the court later granted occupational driving privileges to Hooten, limited only to the requirement that Hooten drive with an ignition-interlock device.[1] The court also issued to Hooten an undated letter to drive, which listed as restrictions the ignition-interlock program and the operation of only Hooten's 1982 Buick.
In early 1997, Hooten purchased a 1991 Ford. On March 26, 1997, Hooten's ignition-interlock device was transferred, apparently under the supervision of the Hamilton County Probation Department, to the Ford. Although Hooten transferred the ignition-interlock device to his newer vehicle, he did not file a request for a modification of his letter to drive to allow for the operation of the 1991 Ford with the device.
On April 27, 1997, Safe Auto renewed Hooten's automobile insurance policy. On May 23, 1997, Hooten was involved in a traffic accident and reported this accident to Safe Auto. Although Safe Auto admitted that there was a valid automobile insurance policy in effect at the time of Hooten's accident, Safe Auto denied coverage, relying upon a policy exclusion for covered automobiles being driven by a person without a valid driver's license. Safe Auto's position was that Hooten's letter to drive limited his driving privileges to the operation of the 1982 Buick with an ignition-interlock device, and that, without a modification of that letter, Hooten did not have a valid driver's license at the time of his accident.
Based upon the policy provision cited by Safe Auto, the original limitation of driving privileges only to operation of the 1982 Buick, and the fact that Hooten was driving a 1991 Ford at the time of the accident, the trial court agreed with Safe Auto and granted summary judgment in its favor. From our de novo review of the record, we reach a different result.
R.C. 4511.191(I)(1)(b) and 4511.191(I)(2) allow a court to grant occupational driving privileges to a person found guilty of driving while under the influence. When the court authorizes such privileges, the court may impose "any condition it considers reasonable and necessary to limit the use of a vehicle by the person." R.C. 4511.191(I)(2)(a). The court must also "deliver to the person a permit card, in a form to be prescribed by the court, setting forth the time, place, and other conditions limiting the defendant's use of a vehicle." Id. In such cases, the permit card, which in Hamilton County is issued in the form of a letter to drive, sets forth the restrictions that the person must follow in order to operate a motor vehicle.
The court may also authorize driving privileges subject to R.C.4507.16, which limits the offender to the operation of motor vehicles equipped with ignition-interlock devices. See R.C.4511.191(I)(4). If an ignition-interlock device is ordered, R.C.4511.83 defines the standards for use of the device and requires, unless the court delegates its supervisory role to the probation department under R.C. 2951.02(I), that the court monitor the usage of the device on a periodic basis. See R.C. 4511.83; see, also, Painter Looker, Ohio Driving Under the Influence Law (Rev.Ed. 1999), Section 19.30.
If a court issues an ignition interlock order * * *, the order shall authorize the offender * * * to operate a motor vehicle only if it is equipped with a certified ignition interlock device. The court shall provide the offender with a copy of an ignition interlock order * * *, and a copy of the order shall be used by the offender in lieu of an Ohio driver's * * * license or permit until the registrar or a deputy registrar issues the offender a restricted license.
R.C. 4507.16(L)(1). Once the registrar or deputy registrar has issued the restricted license, the offender is only prohibited from operating a motor vehicle that does not have a certified ignition-interlock device. See R.C. 4507.16(L)(2). The restricted license is, with one significant exception, identical to the unrestricted license; the difference is that the restricted license must "have printed on its face a statement that the offender is prohibited from operating a motor vehicle that is not equipped with an ignition interlock device." R.C. 2951.02(I)(3). The restricted license limits the offender not to a specific vehicle, but to vehicles equipped with ignition-interlock devices.
A court speaks only through its journal entries. See Gaskins v.Shiplevy (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196;State v. King (1994), 70 Ohio St.3d 158, 637 N.E.2d 903; State exrel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117,551 N.E.2d 183. On November 20, 1996, the trial court that imposed sentence upon Hooten for his driving-under-the-influence conviction authorized Hooten to operate a motor vehicle equipped with an ignition-interlock device, specifically the guardian interlock. The trial court did not, in either the journal or the modification of the driving suspension, limit Hooten to the operation of a specific vehicle. Thus, according to the trial court's journal and the order of November 20, 1996, Hooten's only driving restriction at the time of the May 23, 1997, accident was the usage of a vehicle equipped with an ignition-interlock device.
Although a letter to drive was issued to Hooten by the trial court, a letter to drive is not the type of court order contemplated by the statutes governing the use of ignition-interlock devices. We will not speculate as to why that letter was issued by the trial court. What is clear from the record is that, on November 20, 1996, the court also issued an order authorizing the ignition-interlock device. It does not appear that the court's November 20, 1996, order was ever rescinded or revoked.
Had the court not ordered the ignition-interlock device on its journal, but chosen instead to set forth specific restrictions on Hooten's occupational driving privileges consistent with the letter to drive, Safe Auto's arguments might have merit. But since a letter to drive is not required when a court issues an order for an ignition-interlock device under R.C. 4507.16, it appears from the record that Hooten's driving privileges were valid at the time of his accident on May 23, 1997. Therefore, we hold that a genuine issue of material fact concerning whether Hooten had operated his vehicle with a valid driver's license was alone sufficient to prevent the entry of summary judgment in Safe Auto's favor.
Hooten's assignment of error is sustained. We reverse the trial court's judgment and remand this case for further proceedings in accordance with law.
Judgment reversed and cause remanded.
 HILDEBRANDT, P.J., PAINTER and WINKLER, JJ.
[1] An ignition-interlock device "will not allow the vehicle to be started if the sensing equipment in the interlock device detects alcohol in the breath of the person blowing into the machine." Painter Looker, Ohio Driving Under The Influence Law (Rev.Ed. 1999), Section 19.30.