**The STATE of Ohio, Appellee,**

**v.**

**PARKER, Appellant.**

[Cite as *State v. Parker* (1999), 134 Ohio App.3d 660.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 98 CA 93.

Decided Sept. 9, 1999.

*Paul Gains,* Mahoning County Prosecuting Attorney, and *Jan O'Halloran,* Assistant Prosecuting Attorney, for appellee.

*Scott Cochran,* for appellant.

VUKOVICH, Judge.

The present appeal arises from the decision of the Mahoning County Court of Common Pleas following a sexual predator determination hearing. For the reasons set forth below, the judgment of the trial court is reversed.

## I. FACTS

The record reflects that Bobby Neal Parker ("appellant") was convicted in 1974 on one count of gross sexual imposition and was sentenced to a term of incarceration of one to five years. In 1975, appellant was convicted on one count of rape and was sentenced to a term of incarceration of seven to twenty-five years. Each offense was the result of a separate incident and was processed under a separate indictment. In the years subsequent to these convictions, appellant was paroled on a number of occasions only to reoffend and be reincarcerated. According to the record, none of the violations which caused appellant to be reincarcerated could be classified as sexual offenses.

While appellant was still incarcerated, the Department of Rehabilitation and Correction forwarded to the Mahoning County Court of Common Pleas a sexual predator screening instrument, which recommended that appellant be adjudicated a sexual predator. As a result, the trial court scheduled a hearing pursuant to

R.C. 2950.09. Prior to the hearing, appellant filed a motion to dismiss on the basis that the sexual predator statute violated the *Ex Post Facto* Clauses of the United States and Ohio Constitutions. On April 16, 1998, a brief in opposition to the motion to dismiss was filed by the state.

The matter came for a hearing before the trial court on April 17, 1998 to determine whether appellant met the criteria to be classified as a sexual predator and to address appellant's motion to dismiss. In its April 20, 1998 judgment entry, the trial court overruled appellant's motion to dismiss, finding that the statute was in fact constitutional. Additionally, while the trial court found that there was "clear and convincing evidence that the [appellant] will likely engage in this course of conduct in the future upon release," the court never formally adjudicated appellant a sexual predator. On the contrary, the court stated in its entry that appellant was "a habitual sex offender pursuant to O.R.C. 2950.09." It is from this decision that appellant filed a timely notice of appeal on May 1, 1998.

Although appellant raises three assignments of error on appeal, our ruling as to appellant's second assignment of error renders the remaining allegations moot. Therefore, we will address only Assignment of Error Number Two herein. App.R. 12(A)(1)(c).

## II. ASSIGNMENT OF ERROR NUMBER TWO

Appellant's second assignment of error reads:

"The trial court erred when it determined that the defendant was a sexual predator according to Revised Code 2950 because it was not proved by a clear and convincing evidence standard."

Despite the fact that the trial court stated in its entry that appellant was to be designated a "habitual sex offender" pursuant to R.C. 2950.09, appellant argues on appeal that the trial court erred in labeling him a "sexual predator." It is appellant's position that the trial court was not presented with sufficient probative evidence to support its decision in light of the clear-and-convincing-evidence standard provided in the statute. This argument is proposed even though the trial court never stated that appellant was to be designated a sexual predator.

While this court is well aware of the fact that a court of record speaks only through its judgment entries, *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, we understand the confusion that appellant has experienced as a result of the language utilized by the trial court in its entry. In its entry, the trial court concluded that there was clear and convincing evidence of record establishing that appellant was likely to engage in a similar course of conduct in the future if released. Since the discussions during the April 17, 1998 hearing focused on appellant's prior sexual offenses, it would logically follow that

the trial court anticipated that appellant was likely to commit additional sexual offenses upon release. This language practically mirrors that which is used in R.C. 2950.01(E) to define the term "sexual predator."

However, rather than labeling appellant a sexual predator, the trial court found that appellant was a "habitual sex offender pursuant to O.R.C. 2950.09." The fact that the discussions during the hearing focused on whether appellant should be adjudicated a sexual predator in conjunction with the trial court's judgment entry language leads one to believe that the trial court meant to label appellant a sexual predator instead of a habitual sex offender. Due to the inconsistency within the entry as well as appellant's confusion as to what he has been labeled, this court will address both the propriety of labeling appellant a habitual sex offender and the appropriateness of adjudicating appellant a sexual predator.

## A. HABITUAL SEX OFFENDER

In the event the trial court intended to label appellant a habitual sex offender, the decision must be reversed on appeal, as the court did not have authority to arrive at this determination. R.C. 2950.09 as revised by 1996 Am.Sub.H.B. No. 180 establishes the procedure for adjudicating an offender a sexual predator or a habitual sex offender. In regard to the habitual sex offender adjudication in particular, R.C. 2950.09(E) provided in pertinent part:

"If a person is convicted of or pleads guilty to committing, *on or after the effective date of this section,* a sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense. * * * If the judge determines that the offender previously has been convicted of or pleaded guilty to a sexually oriented offense, the judge shall specify in the offender's sentence * * * that the judge has determined that the offender is a habitual sex offender * * *." (Emphasis added.) 146 Ohio Laws, Part II, 2560, 2618, 2923–2924.

As is specified by the statute, in order for a trial judge to label an offender a habitual sex offender the judge must be sentencing the offender on a sexually oriented offense that occurred after the effective date of R.C. 2950.09(E). The effective date of this section that is applicable to the case *sub judice* is January 1, 1997. This provision of the statute is supported by reviewing the definition of a habitual sex offender as provided in R.C. 2950.01(B):

" 'Habitual sex offender' means a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses."

While appellant had two prior convictions that qualified as sexually oriented offenses, the trial judge was not sentencing appellant on April 17, 1998 for a recent offense. On the contrary, the trial judge had summoned appellant from his place of incarceration so as to have him present at a sexual predator determination hearing. Having failed to establish the vital prerequisite of sentencing the offender on an offense that was committed subsequent to the effective date of the statute, the trial judge was not statutorily permitted to adjudicate appellant a habitual sex offender.[1] Therefore, this court reverses the judgment of the trial court as to its adjudication of appellant as a habitual sex offender.

## B. SEXUAL PREDATOR

Assuming *arguendo* that it was the trial court's intention to adjudicate appellant a sexual predator due to the alleged likelihood that appellant would engage in similar conduct in the future, this court is still compelled to reverse the judgment of the trial court.

Pursuant to R.C. 2950.01(E), a sexual predator is defined as an individual "who has been convicted of or pleaded guilty to committing a sexually oriented offense and is *likely to engage in the future in one or more sexually oriented offenses.*" (Emphasis added.) In order to properly adjudicate an offender a sexual predator, the dictates of R.C. 2950.09 must be followed. Under R.C. 2950.09(B)(1), the trial judge must conduct a hearing regarding the sexual predator determination, providing both the prosecutor and the defendant the opportunity to testify, present evidence and witness testimony, and cross-examine witnesses. Through this process the trial court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2), in determining whether the offender should be adjudicated a sexual predator. Before such an adjudication may be made, the trial court must be convinced that clear and convincing evidence has been presented to support a finding that the offender is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.09(B)(3).

The clear-and-convincing-evidence standard of proof has been defined as that measure of proof that is more than a mere preponderance of the evidence but less than proof beyond a reasonable doubt required in criminal cases. *Cincinnati Bar Assn. v. Massengale* (1991), 58 Ohio St.3d 121, 122, 568 N.E.2d 1222, 1223. To meet this burden, the evidence submitted must provide in the

---

1. It should be noted that at the time of the sexual predator determination hearing, appellant had previously been adjudicated a habitual sex offender and was required to report pursuant to R.C. Chapter 2950 as it existed prior to January 1, 1997 due to his prior convictions.

mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *Id.*

A review of the record reveals that the state failed to provide sufficient evidence to meet its burden of proof. The prosecutor testified at the hearing that appellant did have the conviction for gross sexual imposition in 1974 as well as the rape conviction in 1975. However, the only detail provided regarding these convictions was an unidentified notation that appellant had threatened to kill one of his victims as well as her child. Specifics were not provided in the record as to who had made this notation, where exactly it was found, or how it had been substantiated. Beyond this bare-bones information, the only additional evidence provided by the state was testimony regarding the theft offenses that constituted parole violations and resulted in appellant's reincarceration.

The nature of this evidence is not sufficient to meet the burden of proof established in R.C. 2950.09(B)(3). As appellant indicated at the hearing, there is no evidence that he has engaged in any type of sexually deviant behavior during the approximately twenty-five-year span of time following his rape conviction. The state did not provide information as to additional sexual offenses or sexually inappropriate behavior during appellant's time of incarceration. Such a prolonged period of time without additional violations in and of itself weighs strongly against a finding that appellant has a propensity for committing further sexually oriented offenses. While appellant has been convicted twice of sexually oriented offenses, those convictions do not *per se* lead to an offender being adjudicated a sexual predator. *State v. Hicks* (1998), 128 Ohio App.3d 647, 716 N.E.2d 279.

In that the sexually oriented offenses at issue occurred so many years prior to the hearing, the record reflects that any presentence investigation report that may have been prepared had already been destroyed. Furthermore, details from the record of proceedings of the two convictions were not provided to the trial court in order to analyze the circumstances surrounding the crimes. For the most part, evidence pertaining to the factors set forth in R.C. 2950.09(B)(2) is not present in the record.

Such a failure to present evidence on the record as required by R.C. 2950.09 leaves this court with no choice but to hold that the state failed to meet its burden of proof. Clear and convincing evidence has not been presented so as to establish that appellant is likely to engage in the future in one or more sexually oriented offenses. Therefore, in the event it was the trial court's intention to label appellant a sexual predator, this court reverses this part of the judgment due to a lack of evidence in the record.

In addressing the issue raised in the attached concurring opinion, it should be noted that in the eyes of the majority, the decision herein is not in conflict with

*State v. Goodballet* (Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported, 1999 WL 182514. In the present case we have found insufficient evidence to meet the clear-and-convincing-evidence standard as it applies to *sexual predators*. In *Goodballet*, this court approved of the labeling of an individual as a "sexually oriented offender" in the event there was insufficient evidence offered at the sexual predator determination hearing.

■ As we previously explained, the "sexually oriented offender" classification is a provision recognized by the Ohio Supreme Court in *State v. Cook* (1998), 83 Ohio St.3d 404, 407, 700 N.E.2d 570, 574–575. The classification applies by default in the event an individual has committed a sexually oriented offense as defined by the statute but does not meet the requirement of the sexual predator or habitual sex offender classifications. This third classification clearly is subject to registration pursuant to R.C. 2950.07(B)(3). It applies by operation of law and is not subject to the clear and convincing evidence standard of proof. This present case deals with a separate, distinct issue—the resolution of which in no way contradicts the decision in *Goodballet.*

For the foregoing reasons, the judgment of the trial court is reversed.

*Judgment reversed.*

WAITE, J., concurs.

COX, P.J., concurs separately.

Cox, Presiding Judge, concurring.

I concur with the majority opinion but feel I must bring to the writing judge's attention his prior decision in *State v. Goodballet* (Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported, 1999 WL 182514. The within case clearly demonstrates that the standard required is clear and convincing evidence.