JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant William Patton appeals from the trial court's judgment that classifies him as a sexual predator. For the reasons that follow, we reverse the court's order that classifies him as a sexual predator, vacate the sentencing addendum that "automatically classified [defendant] as a Sexual Predator pursuant to R.C. §2950.09(A)," and remand with instructions to conduct a classification hearing that includes an adequate record as contemplated by statute and case law.
 {¶ 2} The scant record provided for our review in this case reveals that defendant pled guilty to one count of gross sexual imposition, a felony of the fourth degree, in violation of R.C. 2907.05. (R. 10). On a later date, the court sentenced defendant and found him to be a sexual predator. None of the parties presented any evidence at the sentencing/sexual classification hearing. The record is devoid of any information surrounding the underlying offense beyond the victim's name. Likewise, the record is devoid of any information about the defendant beyond the reference to some prior convictions in 1971 and 1978.
 {¶ 3} Although no evidence was presented at the hearing, the trial court made the following determination:
 {¶ 4} "Okay. Based upon the prior record which consists of in `71 an indecent assault, a charge of rape in 1978 and then the current case which is sexually oriented, I'm going to find the defendant to be a sexual predator." (Tr. 12-13).
 {¶ 5} Defendant objected to this classification.
 {¶ 6} Although the court held the above described hearing, in its "sentence addendum" the court indicated as follows:
 {¶ 7} "The defendant is automatically classified as a Sexual Predator pursuant to R.C. § 2950.09(A)." (R. 11).
 {¶ 8} Defendant assigns three errors for our review that are addressed in the order they were presented.
 {¶ 9} "I. The evidence was insufficient, as a matter of law, to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 10} In a sexual classification hearing, the State bears the burden of proof. State v. Williams (2000), 88 Ohio St.3d 513,728 N.E.2d 342, 361-362. To warrant a sexual predator classification, the State must prove by clear and convincing evidence that the offender "has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3)." State v. Eppinger (2001),91 Ohio St.3d 159, 163 [emphasis in the original].
 {¶ 11} "[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Id. at 164 (citation omitted). In reviewing a trial court's determination as to a sexual offender classification, we must examine the record to determine whether the evidence satisfies the requisite degree of proof. State v.Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 12} The trial court is to consider "all relevant factors," including, but not necessarily limited to, those factors itemized in R.C. 2950.09(B)(2). State v. Thompson (1999), 140 Ohio App.3d 638, 644. "A judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism." State v. Thompson (2001),92 Ohio St.3d 584, paragraph one of the syllabus.
 {¶ 13} In reviewing sexual predator determinations, Ohio courts have grappled with whether the lower court proceedings and findings satisfied the statutory objectives. E.g., State v. Knox (August 1, 2000), Vinton App. No. 00 CA 538, citing State v. Johnson (Sept. 30 1999), Cuyahoga App. No. 74841; State v. Parker (1999),134 Ohio App.3d 660; State v. Taylor (March 11, 1999), Cuyahoga App. Nos. 73342, 73343, see, also, State v. Thompson (1999),140 Ohio App.3d 638. This culminated in the Ohio Supreme Court's adoption of this Court's model procedure set forth in Thompson. State v. Eppinger
(2001), 91 Ohio St.3d 158, 166. The following list summarizes the three objectives of a model hearing:
 {¶ 14} "(1) it is critical that a record be created for review wherein both parties identify those portions of the evidence that relate to the factors set forth in R.C. 2950.09(B)(2) and whether the offender is likely to commit another sexually oriented offense in the future;[1]
 {¶ 15} "(2) An expert may be required to assist in determining whether the offender is likely to commit another sexually oriented offense in the future; and
 {¶ 16} "(3) The trial court should consider the statutory factors and discuss on the record the particular evidence and factors upon which it relies in making a determination regarding the likelihood of recidivism." Eppinger, 91 Ohio St.3d 166.
 {¶ 17} In Eppinger, the trial court had labeled the offender a sexual predator after a hearing where the State recited into the record its own recollection of the facts of the underlying offense from the trial and defendant's criminal background. Id. at 159-160. The hearing was recorded in seven and one-half pages of transcript. Id. The Ohio Supreme Court determined that based upon the "scant `evidence'" presented, the sexual predator classification hearing held in Eppinger
"fell short of establishing by clear and convincing evidence that the defendant was likely to engage in one or more sexually oriented offenses in the future." Id. at 167. The matter was remanded to the trial court directing it to consider further evidence. Id.
 {¶ 18} In this case, while the court mentioned that a "presentence report has been prepared," it is undisputed that no evidence was presented to the trial court by either party. The entire sexual classification hearing is recorded in three and one-half pages of transcript. Defendant contends, and the State concedes, that the trial court made no mention of any factors contained in R.C. 2950.09(B)(2). The court did not explicitly find that defendant is likely to engage in the future in another sexually oriented offense. There is no substantive evidence in the record for us to review that would enable us to assess the propriety of labeling the defendant a sexual predator. Consequently, following Eppinger, we find that this sexual classification hearing fell short of establishing that defendant was likely to engage in the future in a sexually oriented offense under the requisite clear and convincing evidence standard.
 {¶ 19} The first assignment of error is sustained to the extent that the sexual predator determination is reversed and this matter is remanded to the trial court for further proceedings in accordance with the statutory and case law directives referenced above.
 {¶ 20} "II. As held by the Supreme Court in State v. Thompson and as discussed by the Tenth District Court of Appeals in State v. Burke,
the trial court erred in determining that the appellant was a sexual predator without considering any of the relevant factors codified at R.C.2950.09(B)(2)."
 {¶ 21} As set forth previously, "[a] judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism." State v. Thompson (2001), 92 Ohio St.3d 584, paragraph one of the syllabus.
 {¶ 22} Defendant asserts that the record is devoid of any evidence that would suggest that the trial court considered the factors set forth in R.C. 2950.09(B)(2) before applying the sexual predator label. The State agrees. Accordingly, this assignment of error is sustained.
 {¶ 23} "III. The trial court erred when it entered an order finding that the appellant was `automatically found to be a sexual predator' pursuant to R.C. 2950.09(A)."
 {¶ 24} The provisions of R.C. 2950.09(A) are inapplicable to this case. This assignment of error is sustained and the sentencing addendum that "automatically classified [defendant] as a Sexual Predator pursuant to R.C. § 2950.09(A)" is vacated.
Judgment reversed in part; vacated in part and remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).
[1] "[A] clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal." Eppinger, 91 Ohio St.3d at 166.