DECISION AND JOURNAL ENTRY
{¶ 1} Michael Anderson, appellant, appeals from the decision of the Summit County Court of Common Pleas that adjudicated him a sexual predator pursuant to R.C. 2950.09. We affirm.
 {¶ 2} On July 25, 1978, the Summit County Grand Jury indicted Mr. Anderson on seven counts of rape in violation of R.C. 2907.02(A)(1), one count of kidnapping in violation of R.C. 2905.01(A)(4), and one count of aggravated robbery in violation of R.C. 2911.11(A)(1). The trial court found Mr. Anderson not guilty of the aggravated robbery charge. On April 26, 1979, in a subsequent trial, the trial court found Mr. Anderson guilty of all seven counts of rape and the burglary charge and sentenced him accordingly.
 {¶ 3} The trial court conducted a sex offender status hearing on January 14, 2003. At the close of the evidence, the court determined and adjudicated Mr. Anderson to be a sexual predator. It is from this decision that Mr. Anderson timely appeals and raises two assignments of error.
 First Assignment of Error
"The Court Erred By Adjudicating Mr. Anderson A Sexual Predator In The Absence Of Sufficient Evidence That Would Establish By Clear And Convincing Evidence The Likelihood To Engage In The Future In A Sexually Oriented Offense."
 {¶ 4} In his first assignment of error, Mr. Anderson challenges the trial court's finding that he is a sexual predator. Mr. Anderson argues that this finding is not supported by sufficient evidence and that the State failed to prove by clear and convincing evidence that Mr. Anderson is likely to commit a sexually oriented offense in the future. We disagree.
 {¶ 5} When reviewing a trial court's sexual predator adjudication, an appellate court applies the clearly erroneous standard.State v. Sales, 9th Dist. No. 21181, 2003-Ohio-1477, at ¶ 38; Statev. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. As such, a sexual predator determination will not be reversed if there is "`some competent, credible evidence'" to support the decision of the trial court. State v. Riffle, 9th Dist. No. 21191, 2003-Ohio-725, at ¶ 7, quoting State v. Groves, 7th Dist. No. 853, 2002-Ohio-5245, at ¶ 41; State v. Ford, 9th Dist. No. 21064, 2002-Ohio-7316, at ¶ 8. "`This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence.'" Groves at ¶ 41, quoting State v. Hardie (2001),141 Ohio App.3d 1, 4; Riffle at ¶ 7. The reviewing court is guided by the presumption that the findings of the trial court are correct because the trial court is in the best position to weigh the credibility of witnesses. Spinetti v. Spinetti (Mar. 14, 2001), 9th Dist. No. 20113.
 {¶ 6} R.C. 2950.01 et seq. governs the classification of a defendant as a sexual predator. In order to be classified as a sexual predator, (1) a person must be convicted of a sexually oriented offense and (2) the State must prove by clear and convincing evidence that the defendant is likely to be a repeat sexual offender. R.C. 2950.01(E)(1);State v. Eppinger (2001), 91 Ohio St.3d 158, 163. Mr. Anderson does not dispute that he was convicted of a sexually oriented offense. Therefore, the only issue to be resolved is whether the State failed to prove by clear and convincing evidence that Mr. Anderson is likely to commit another sexually oriented offense.
 {¶ 7} In determining whether the defendant is likely to reoffend, the trial court must consider all relevant factors, including, but not limited to:
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed[;]
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C. 2950.09(B)(3).
 {¶ 8} Although the trial court must consider these guidelines in reaching its decision, the trial court retains discretion to determine what weight, if any, each guideline will be assigned. State v. Thompson
(2001), 92 Ohio St.3d 584, paragraph one of the syllabus. Furthermore, the guidelines "need not be weighed or balanced, nor does the determination of sexual predator status demand that a majority of the factors listed weigh against the defendant." State v. Clark, 9th Dist. No. 21167, 2003-Ohio-94, at ¶ 20.
 {¶ 9} At the hearing, the State presented evidence that Mr. Anderson raped the victim four times, aided a co-defendant in a fifth rape, and then sold the victim to an unidentified man to be raped two additional times. The evidence showed that Mr. Anderson beat the victim. The State also emphasized that Mr. Anderson gave the victim Percodan, which made the victim dizzy and rendered her defenseless to her attackers as they locked her in a hotel room. The evidence further revealed that Mr. Anderson displayed no remorse at the Sex Offender Status Hearing and that his conduct at the hearing gave the court great concerns as to the risk Mr. Anderson might pose to the community. Finally, the State presented evidence that Mr. Anderson violated his parole several times. One such violation involved Mr. Anderson stalking and making sexual advances to a woman in his apartment building and making sexual advances to several other women. Mr. Anderson also violated his parole for a felony forgery conviction by committing the rapes.
 {¶ 10} Based upon the evidence presented, we hold that there was competent, credible evidence before the trial court to support its determination that Mr. Anderson is likely to reoffend and should be adjudicated a sexual predator. There were seven counts of rape, which demonstrated a pattern of abuse. R.C. 2950.09(B)(3)(h). Mr. Anderson displayed cruelty in beating the victim and in selling her to be raped two more times. R.C. 2950.09(B)(3)(i). Mr. Anderson gave the victim drugs. R.C. 2950.09(B)(3)(e). Mr. Anderson's lack of remorse, conduct at the hearing, and parole violations were properly considered pursuant to R.C. 2950.09(B)(3)(j) and R.C. 2950(B)(3)(f).
 {¶ 11} Furthermore, Mr. Anderson's reliance on State v. Parker
(1999), 134 Ohio App.3d 660, is misplaced. In Parker, the trial court relied solely upon the defendant's 1974 gross sexual imposition conviction and the 1975 rape conviction in finding that a sexual predator adjudication was appropriate. Id. at 666. Besides noting the convictions, the trial court made no other findings relating to the factors set forth under R.C. 2950(B)(2). Id. The conclusory analysis of the trial court in Parker pales in comparison to the thorough analysis of the trial court in the case at bar.
 {¶ 12} Therefore, the trial court's decision is supported by competent, credible evidence, and Mr. Anderson's first assignment of error is overruled.
 Second Assignment of Error
"Mr. Anderson Was Deprived Of Effective Assistance Of Counsel In Violation Of His Constitutional Rights Under The Sixth AndFourteenth Amendments Of The United States Constitution And Article I, Section 10 Of The Ohio Constitution."
 {¶ 13} In his second assignment of error, Mr. Anderson asserts that he was deprived of his constitutional right to effective assistance of counsel at his Sex Offender Status Hearing. More specifically, Mr. Anderson argues that he was denied effective assistance of counsel in three respects: (1) In his counsel's failure to request a continuance to read the trial transcript; (2) In his counsel's failure to request an expert to determine Mr. Anderson's propensity to commit sexually oriented offenses in the future; and (3) In his counsel's decision to allow Mr. Anderson to conduct his own defense. We disagree.
 {¶ 14} In order to establish the existence of ineffective assistance of counsel, the defendant must satisfy a two-pronged test:
"`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Colon, 9th Dist. No. 20949,2002-Ohio-3985, at ¶ 48, quoting Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674.
The defendant bears the burden of proof on this matter. Colon at ¶ 49, citing State v. Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 15} Furthermore, there exists a strong presumption of the adequacy of counsel's performance, and that counsel's actions were sound trial tactics. Colon at ¶ 49, citing Smith, 17 Ohio St.3d at 100. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v.Watson (July 30, 1997), 9th Dist. No. 18215. Additionally, debatable trial tactics do not give rise to a claim for ineffective assistance of counsel. In Re: Simon (June 13, 2001), 9th Dist. No. 00CA0072, citingState v. Clayton (1980), 62 Ohio St.2d 45, 49. A defendant should put forth a showing of a substantial violation of an essential duty. Watson,
supra, citing State v. Nabozny (1978), 54 Ohio St.2d 195, paragraph four of the syllabus.
 {¶ 16} Prejudice entails a reasonable probability that, but for counsel's errors, the result of the trial would have been different.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The court is also to consider "`the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Colon at ¶ 49, quoting Strickland,466 U.S. at 690. An appellate court may analyze the second prong of theStrickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice. See State v. Loza (1994),71 Ohio St.3d 61, 83.
 {¶ 17} Mr. Anderson's first basis for his ineffective assistance of counsel claim is that his counsel failed to request a continuance to read the trial transcript. Mr. Anderson asserts he was prejudiced in that his counsel would have found useful portions of the transcript to introduce on behalf of his defense, particularly regarding the victim's testimony that she was beaten. However, Mr. Anderson's counsel admitted on the record to reading up to page sixty-seven of the trial transcript. The relevant portions of the victim's testimony were on pages forty-seven to fifty-nine. Because counsel read the relevant pages and proceeded with trial, we presume counsel felt a continuance was unnecessary. Counsel's decision does not rise to the level of seriousness so as to deprive Mr. Anderson of "counsel" guaranteed by the Constitution.
 {¶ 18} Furthermore, Anderson has failed to show how he was prejudiced by his counsel's decision to proceed with trial after reading only to page sixty-seven of the transcript. Mr. Anderson states a thorough reading of the transcript could have created some "debate as to whether [the victim] in fact suffered any beatings." Assuming that were true, Mr. Anderson has failed to show how such debate would have caused the trial court to find that Mr. Anderson was not a sexual predator. Prejudice is especially unclear considering the fact that the trial court relied on facts fitting under at least four other guidelines specified in R.C. 2950.09(B)(3). Therefore, Mr. Anderson's first ineffective assistance of counsel argument is overruled.
 {¶ 19} Mr. Anderson next argues that his counsel was ineffective in allowing Mr. Anderson to conduct his own defense. Mr. Anderson has failed to show that his counsel's performance was deficient in this regard. Mr. Anderson knowingly and voluntarily proceeded with questioning the witnesses, even against the caution of the court. The court inquired of Mr. Anderson as to his decision and advised him that he should allow his counsel to question the witnesses. Mr. Anderson insisted that he question the witnesses because he felt he was more familiar with his case than was his counsel. Mr. Anderson's insistence that he question the witnesses does not render his counsel's performance deficient. See Statev. McCarthy, 7th Dist. No. 01 BA 33, 2002-Ohio-5185, at ¶ 26 (stating that if the defendant's decision to stipulate is "made knowingly and voluntarily, then counsel did not render deficient performance").
 {¶ 20} Mr. Anderson has not only failed to show a deficient performance, but he has failed to demonstrate prejudice as well. Quoting the court, Mr. Anderson merely asserts that he was not "`helping [himself] in any fashion'" by conducting his own defense. This statement, by itself, does not demonstrate prejudice. Mr. Anderson has failed to show that there is a reasonable probability that the result of the proceeding would have been different absent the alleged error. The trial court relied on many other facts besides Mr. Anderson's conduct at the hearing in its sexual predator adjudication. Therefore, we cannot say that, even if counsel's performance was deficient, Mr. Anderson was prejudiced thereby.
 {¶ 21} In addition, the doctrine of uninvited error applies to Mr. Anderson's decision to question the witnesses. Under that doctrine, a party cannot "take advantage of an error which he himself invited or induced." State v. Campbell (2000), 90 Ohio St.3d 320, 324. Therefore, Mr. Anderson cannot now complain about a trial strategy that he himself insisted upon pursuing. Mr. Anderson's second ineffective assistance of counsel argument is not well taken.
 {¶ 22} Lastly, Mr. Anderson argues that his counsel's failure to request an expert to determine Mr. Anderson's propensity to commit sexually oriented offenses in the future amounted to ineffective assistance of counsel. The decision whether to call an expert witness is solely a matter of trial strategy. State v. Coleman (1989),45 Ohio St.3d 298, 307-08. A decision by counsel not to call an expert witness generally will not sustain an ineffective assistance of counsel claim. State v. Thompson (1987), 33 Ohio St.3d 1, 10-11.
 {¶ 23} Even if we were to conclude that counsel was ineffective in failing to request an expert witness, Mr. Anderson has failed to demonstrate that he was prejudiced thereby. Mr. Anderson alleges that expert medical testimony would have been "more telling" as to his propensity to commit sexually oriented offenses. Mr. Anderson's burden, however, is not to demonstrate that expert medical testimony would have been "more telling" but to demonstrate that the inclusion of the testimony would have caused the court or fact finder to reach a different conclusion. State v. Powe, 9th Dist. No. 21026, 2002-Ohio-6034, at ¶ 72. Therefore, Mr. Anderson's third ineffective assistance of counsel argument lacks merit. Mr. Anderson's second assignment of error is overruled.
 {¶ 24} Mr. Anderson's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
CARR, J. CONCURS.
BAIRD, P.J.
CONCURS IN JUDGMENT ONLY