DECISION AND JUDGMENT ENTRY.
{¶ 1} Petitioner filed his petition for a writ of habeas corpus on December 1, 2003. He alleged that that he is being unlawfully detained by respondent because his parole on a 1995 sentence of five to fifteen years of imprisonment was unlawfully revoked after the period of parole and his maximum sentence had expired and because a six-month sentence he subsequently received has also expired. We allowed the writ and ordered respondent to make a return, to which petitioner responded. Upon consideration of all the evidence and argument, we find petitioner's claims to be without merit.
 {¶ 2} After our order to respondent to make a return of the writ, he filed a motion to dismiss the petition, attaching a substantial number of documents in evidence, including documents disclosing the authority under which he is detaining petitioner. Petitioner responded with his own documentary evidence and argument.
 {¶ 3} Sua sponte, we treat respondent's motion to dismiss as a return of the writ and proceed to judgment. See State ex rel.Spitler v. Seiber (1968), 16 Ohio St.2d 117, 243 N.E.2d 65;Hammond v. Dallman (1992), 63 Ohio St.3d 666, 590 N.E.2d 744; and Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380,667 N.E.2d 1194.
 {¶ 4} Petitioner was convicted of felonious assault in 1995 and sentenced to a term of five to fifteen years of imprisonment. He was released on parole, found to have violated that parole and re-released on parole several times, but ultimately, sent back to prison in 2001.
 {¶ 5} He was again paroled on October 1, 2001. While on this parole, he was arrested for cocaine possession on December 17, 2002 and detained in the Montgomery County Jail. The next day, the Ohio Adult Parole Authority placed a detainer on him as a parole violator.
 {¶ 6} He was indicted for cocaine possession on December 26, 2002, pled no contest, and convicted of the offense, a felony of the fifth degree, on February 26, 2003. During this period, it is undisputed that the adult parole authority did not hold a hearing to revoke petitioner's parole.
 {¶ 7} Petitioner was sentenced to a term of six months of imprisonment for the cocaine violation. He alleges that this sentence expired on June 15, 2003. On June 24, 2003, the authority revoked petitioner's parole on the 1995 conviction in a so-called "parole violator recommissioned" hearing, for conviction of a felony while on parole.
 {¶ 8} Petitioner argues that his present incarceration is unlawful because he was entitled to an onsite, probable-cause hearing in the Montgomery County Jail while he was being held on the pending cocaine charge and a full parole revocation hearing that included the panoply of rights granted to parolees byMorrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484, R.C. 2967.15, and OAC 5120:1-1-18. Moreover, he alleges that because his period of parole on the 1995 conviction expired before he was convicted of the cocaine violation, and because the sentence for the cocaine violation has expired, he is entitled to outright release. We disagree with each of these allegations.
 {¶ 9} In his petition, petitioner alludes to his rights under a former system of parole revocation in which a parolee detained by the authority received an onsite hearing to determine whether there was probable cause that he or she had violated the terms and conditions of parole, and if so, then a full revocation hearing at which the parolee was guaranteed certain procedural due process rights. Now there is only one hearing, to be held at the site where the parolee is being held, under procedure set forth in OAC 5120:1-1-18. R.C. 2967.15 requires the hearing to take place within a reasonable time. Both the statute and the rule provide that no hearing need be held if the parolee is convicted of a felony committed while released on parole.
 {¶ 10} Respondent argues that petitioner was convicted of a felony committed while on parole and that only a limited class of parolees — those paroled for an offense committed before September 1, 1992 — are entitled to a hearing after such a conviction. We agree, but do not find this assertion a complete answer to the facts presented here.
 {¶ 11} Having been paroled for an offense committed after 1992, petitioner is, indeed, not entitled to a hearing after conviction for a felony committed while on parole. Kellogg v.Shoemaker (1995), 46 F.3d 503. However, under R.C. 2967.15, he is entitled to a hearing within a reasonable time after being detained. Thus, there is a disconnect between the reasonable-time requirement and the waiver of a hearing for commission of a felony. A parolee could be arrested and indicted on a felony charge, post bond, but still be held on an authority detainer. If the trial was delayed for a long period, R.C. 2967.15 seems to indicate that a hearing under OAC 5120:1-1-18 would be required. However, this theoretical scenario is not present in this case.
 {¶ 12} Petitioner was not held in the Montgomery County Jail awaiting trial on the cocaine charge solely because of the detainer the authority placed on him. In his petition, he states that his bail was set at five thousand dollars and was retained after he was indicted. He does not state that he ever posted bond and was thus held solely on the detainer. A habeas corpus petitioner must state his facts with particularity. Chari v.Vore (2001), 91 Ohio St.3d 323, 328, 744 N.E.2d 763, 769. Therefore, we conclude that petitioner was being held in custody pursuant to the arrest for the alleged cocaine violation and on the detainer.
 {¶ 13} In Coleman v. Stobbs (1986), 23 Ohio St.3d 137,491 N.E.2d 1126, the petitioner claimed an unreasonable delay in holding his revocation hearing. The court found that, in addition to the detainer, he was being held by court order pursuant to his arrest for the new crime. R.C. 2725.05 states, in substance, that when a person is being held by court order, and the court has jurisdiction to make the order, the writ shall not be allowed. Therefore, when petitioner, like Coleman, failed to post bond, he too was being held pursuant to court order and was not eligible for release.
 {¶ 14} Petitioner was convicted of the cocaine violation a little over two months after he was detained by the court and the authority and after entering a plea of no contest, thus admitting the facts stated in the indictment. We find, under these facts and circumstances, that it was not unreasonable for the authority to await the outcome of the trial to determine whether a hearing under Morrissey, R.C. 2967.15, and OAC 5120:1-1-18 would be required. When petitioner was convicted of the felony, he was no longer entitled to such a hearing.
 {¶ 15} Petitioner also argues that his parole on the 1995 conviction expired a little over one year after it was granted, during the time he was incarcerated in the Montgomery County Jail and before he was convicted of the cocaine violation. He concludes from this that his maximum sentence of fifteen years on the 1995 conviction also expired. He also asserts that his six-month sentence on the cocaine violation expired on June 15, 2003, so that the "parole violator recommissioned" hearing was illegal, both his sentences having expired.
 {¶ 16} First, petitioner's parole and maximum sentence on the 1995 conviction did not expire while he was incarcerated and awaiting trial on the cocaine charge. The parole certificate, issued October 1, 2001, and presented as evidence by both petitioner and respondent, clearly states that there would be a period of parole supervision for not less than one year. Thus, the one year represents a minimum period of parole supervision, not a maximum duration, as interpreted by petitioner. Moreover, there is no document in evidence indicating that the authority ever formally terminated this parole before the June 24, 2003 parole violator recommissioned hearing. Parole was effectively terminated when petitioner was convicted of the cocaine violation on February 26, 2003, and thus forfeited his right to a due-process hearing. The parole violator recommissioned hearing was merely formal acknowledgement of that fact. It was not a hearing to which the due-process rights guaranteed byMorrissey, R.C. 2967.15, and OAC 5230:1-1-18 applied.
 {¶ 17} Accordingly, we find petitioner's claims to be without merit, and we REMAND HIM TO RESPONDENT'S CUSTODY. Costs aretaxed to petitioner. SO ORDERED.
Harsha, J.: Concurs
Evans, J.: Not Participating